Gaston, Judge.
 

 — The sole question presented by the case, is, whether the plaintiff is not
 
 tarred
 
 of all claim to the allowance for which she has petitioned, by the operation of certain covenants, contained in an ante-nuptial contract, made between herself and her late husband. This involves two inquiries; first, whether any of these covenants embraces the claim; and, secondly, if they do, whether they constitute a valid
 
 defence
 
 against it. On the first inquiry, we are of opinion with the defendants. The covenants extend to every claim, of every sort, which she can set up to the real or personal estate of her husband, as
 
 his widow.
 
 On the second, after examination of the various acts of Assembly relating to this subject, (see acts of 1796,
 
 Rev. ck.
 
 469; 1813,
 
 Rev. ch.
 
 858; 1832, Pamph. c. 20,) we are of opinion, that the widow’s claim to a year’s allowance is one completely
 
 legal,
 
 and which cannot be destroyed by any thing short of a
 
 legal bar.
 
 It is clear that the covenants in this agreement do not amount to a
 
 legal release. Such
 
 a release could not be made of a possibility. If they constitute a release in equity, it will be
 
 *27
 
 for 4 Court of Equity so to pronounce. - If the defendants have a remedy at law for a breach of the covenants in preferring this claim, they can there recover such damages as will remunerate the estate of their intestate, for the injury thereby sustained.
 

 Per Curiam. Judgment reversed.