Hamly, J.
 

 The bill is filed by the next of kin and distrib-utees of David W, Lawson, against the widow who is the ad-ministratrix of the deceased, praying for an account of the intestate’s estate.
 

 The principal difficulty presented by the pleadings, arises upon the construction of the instrument of writing under date of the 11th of ETovember, 1352, purporting to be an anti-nuptial agreement between the intestate, Lawson, and Winifred Jones — whether it be such a relinquishment of marriage rights to dower, distributive share, and years’ provision, as will be enforced in a court of Equity.
 

 We think it is clearly so. The writing in question seems to
 
 *134
 
 be mutual covenants and agreements, not to prefer a claim to any portion of the other’s property, or demand any benefit therefrom, exeeptmgsueh enjoyment asthéy might jointly reap from it while they lived together. The covenants are mutual, and the one is a sufficient consideration to supporttbe other. Mrs. Jones covenants that she will not claim, hold or retails any part or particle of her husband’s property, any longer than they may live together, but, in ease of the death of the husband, will deliver the whole up to bis children, as he shall direct — save only such as he may devise or bequeath to her.
 

 The covenants extend to every claim of every sort which the defendant can set up to the real or personal estate of her husband, as his widow. She is precluded, therefore, as we think, in this Court from dower, distributive share, or year’s provision in her husband’s estate.
 

 The case of
 
 Murphy
 
 v. Avery, 1 Dev. and Bat. Rep. 25, is not in conflict with the opinion here expressed. That was a petition in a court of law for a years-’ provision, and the defense set up, was an ante-nuptial agreement similar to the one in this ease. It was there held that as the demand of the petitioner was a
 
 legal
 
 demand, and the covenants in the marriage settlement could not operate as a legal release, the petitioner was entitled to judgment. It is neither expressly, nor by implication, held that
 
 m Equity
 
 the agreement would not be upheld and enforced.
 

 The hill seeks'an account and surrender of the entire estate, (not disposed of is a due course of administration,) free from the claims of the widow, and this demand is placed upon two* grounds:
 
 Eirst,
 
 the antenuptial agreement referred to, and
 
 .Secondly,
 
 the alleged fact that the parties were never lawfully married, and this is objected to as multilarionsness.
 

 There are not two distinct independent objects of equity jurisdiction sought to be attained in the bill. The object is an account of the intestate’s estate according to certain principles, and the right to this account is placed upon two grounds, relinquishment and defective marriage. The
 
 grownds
 
 are not
 
 objects,
 
 of the bill, but are introduced merely by way of di
 
 *135
 
 recting attention to the reasons npon which the particular equity of complainants rests. The bill is not multifarious.— We think the complainants are entitled to an account of intestate’s estate according to the rights here declared.
 

 Per Curiam, Decree for an account.