## PERKINS v. BRINKLEY.

(Filed September 29, 1903.)

1. WIDOW—*Year's Support—Executors and Administrators—Wills—The Code, secs. 2108, 2116.*

   Where a widow fails to dissent to a will and brings an action after six months from the probate thereof for a year's allowance, such action is not maintainable.

2. WIDOW—*Year's Support—Executors and Administrators—Wills—Contracts—Ante-nuptial—The Code, sec. 2116.*

   A widow is barred from recovering a year's support by an ante-nuptial contract relinquishing all claim to any property of her husband.

ACTION by Mary E. Perkins against Abram Brinkley and others, heard by Judge *Fred. Moore* at March Term, 1903, of the Superior Court of HALIFAX County. From a judgment for the defendant the plaintiff appealed.

*Pittman & Kerr,* for the plaintiff.
*Thos. N. Hill,* for the defendant.

CLARK, C. J. This is a proceeding for year's provision, begun 1st January, 1902, by the plaintiff, widow of W. M. Perkins, who died 2d January, 1901, leaving a will which was probated 11th January, 1901. The plaintiff did not dissent from the will till 11th January, 1902, being after this proceeding was instituted.

The allowance of year's provision is in derogation of the disposition of property by a will, when there is one, and therefore can only be granted in such case, when the will has been set aside as to the widow, by her dissent. The Code, sec. 2116, allows year's support only to the "widow of an

intestate, or of a testator from whose will she has dissented." This action, therefore, cannot be maintained, because at the time it was begun the plaintiff had not filed her dissent, and for the further reason that she had no right to dissent after the lapse of "six months after the probate" of the will. The Code, sec. 2108. By acquiescing six months in the disposition of the property by the will, the widow loses any right to disturb it by having any part appropriated for her benefit, and the executor is authorized absolutely to proceed to execute it, free from any claim from her. In *Cook v. Sexton,* 79 N. C., 305, *Rodman, J.,* enforcing forfeiture of the right by failure to comply with the further requirement that the application for year's support shall be made "within one year after the death of her husband," The Code, sections 2120 and 2128, says: "There must be some term of time applicable to the claim of every right within which it must be sued for. The policy of the law will not permit any demand to exist in perpetuity or indefinitely, unless legally asserted."

Even if the right to assert this claim had not been barred by the plaintiff's failure to dissent from her husband's will within the period allowed by law, she is barred by the following provision in a contract, entered into between her and her future husband, 25th January, 1893, in contemplation of marriage. In that contract W. M. Perkins conveyed to a trustee for the plaintiff's benefit 500 acres of land, and she agreed that she would not "claim for herself or through any other person any right, title or interest in any property now owned or which may hereafter be owned or become in possession of, by the said party of the first part, and hereby relinquishes all right of dower by virtue of said marriage to or in the estate of the said W. M. Perkins."

In *Murphy v. Avery,* 18 N. C., 25, the widow had, in her ante-nuptial contract, covenanted that she would not "set up any claim to the real or personal estate," and released all

"interest, claim or demand to any part of the estate, inheritance, dower lands or any other property, or to any distributive share"; and it was held that this barred all claim for year's allowance. In *Cauley v. Lawson*, 58 N. C., 132, the ante-nuptial contract provided that the intended wife "should not claim, have power to hold or retain any part or particle of the above property any longer than the above named parties shall live together"; and it was held that when she became a widow she was "precluded from dower, distributive share or year's provision in her husband's estate." This case is cited and approved in *Brooks v. Austin*, 95 N. C., 474.

The use of the words in the second clause in the contract in this case, "hereby relinquishes all right of dower," only emphasizes that matter, and does not narrow the broad words already used, "will not claim *any* right, title or interest in *any* property," by restricting them to embrace only the dower right. A case almost exactly on all-fours is *Hooks v. Lee*, 42 N. C., 83, at p. 93, in which the opinion by *Pearson, J.*, is affirmed on the rehearing, 43 N. C., 157, by *Ruffin, C. J.* In that case it was the husband who, by the terms of the ante-nuptial contract, was deprived of all participation in his deceased wife's estate. So, in every aspect, the judgment dismissing the action upon the facts agreed must be

Affirmed.

MONTGOMERY, J., did not sit on the hearing of this case.