S. L. LYNCH v. S. H. LOFTIN et al.

(Filed 19 October, 1910.)

1. **Negotiable Notes—Subsequent Endorser—Liability.**
   An endorser of a negotiable instrument who had paid a judgment obtained thereon in an action against him and the insolvent makers cannot, nothing else appearing, recover the amount in his action therefor against a subsequent endorser. Revisal, sec. 2217.

2. **Judgments—Consent—Agreement—Parties.**
   A consent judgment is not, strictly speaking, a judgment of the court, and when rendered without the consent of a party will be held inoperative in its entirety.

3. **Negotiable Instruments—Subsequent Endorsers—Change of Liability—Pleadings.**
   In an action to recover upon a negotiable note by one endorser against a subsequent one, when the complaint does not distinctly allege a change in the *prima facie* order of liability, but sets out a contract relied on for this purpose which, under its interpretation, affects this change, it is sufficiently pleaded.

4. **Same—Equities—Parties—Demurrrer.**
   In order to change the *prima facie* order of the endorsers' liability on a promissory note the plaintiff alleged and set forth an executory contract between the defendant, endorser, and a third person without alleging performance thereof by the latter, through whom he must work out his rights. *Held,* There was an absence of essential connection between the matters alleged and the relief demanded; that such third person was a necessary party to the action, and that a demurrer to the complaint should be sustained.

APPEAL from *Cooke, J.*, at the June Term, 1910, of LENOIR.

Civil action on demurrer by the defendant to the complaint. His Honor sustained the demurrer as to one of the defendants, from which ruling no appeal was prosecuted and overruled it as to the defendants Loftin & Pollock, assignee, who appealed to this Court.

On the 16th day of April, 1910, J. W. Lynch and L. V. Morrill executed and delivered their note for $1,500, payable sixty days after date to the plaintiff, S. L. Lynch, and the plaintiff thereafter endorsed the same in blank, and the same was delivered to S. H. Loftin. This was done before maturity, and the Merchants National Bank of Richmond, Virginia, took the same as collateral security, prior to the execution of the deed of assignment by Loftin. After the delivery of said note to Loftin and its transfer to the bank, the said S. H. Loftin made a deed of assignment, on the 21st day of May, 1901, to the defendant Pollock and B. W. Canady, and B. W. Canady died prior to the institution of this action. At March Term, 1903, of Lenoir County Superior Court there were several civil suits pending wherein Loftin and his assignees and J. W. Lynch and the Gay Lumber Company were interested, among them being an action entitled "W. D. Pollock and B. W. Canady, assignees of S. H. Loftin, and the Merchants Bank of Richmond, Va., plaintiffs, and J. W. Lynch, L. V. Morrill and S. L. Lynch, defendants," and on the 19th day of March, 1903, the said Loftin, Canady and Pollock and J. W. Lynch entered into an agreement for the settlement of their matters in difference, a great part of which was litigation. The material part of which is as follows: "6. It is hereby understood and agreed that the said S. H. Loftin and W. D. Pollock and B. W. Canady, assignees, shall return to the said J. W. Lynch, free of all cost and expense to him, his certificate of stock for one hundred and fifty (150) shares in the Gay Lumber Company, and all notes and accounts held against the said J. W. Lynch and the said Gay Lumber Company." On account of said agreement, a consent judgment was entered in the suit above set forth, and said suit being upon the note sued on, as it then appeared, it was ordered in the judg-

ment, which is set forth as "Exhibit B," that the plaintiffs should surrender to the defendants the note sued on in their action.

Afterwards a suit was instituted by the Merchants National Bank of Richmond, Va., plaintiff, v. S. H. Loftin, J. W. Lynch and wife, Lorena Lynch, L. V. Morrill and S. L. Lynch, wherein it was adjudicated that there was no such bank as the "Merchants Bank of Richmond, Va.," which was the bank named in the suit, of which "Exhibit B" is the judgment, and it was adjudicated that the Merchants National Bank of Richmond, Va., which held the note sued on in the case at bar, never gave anybody authority to make it a party to "Exhibit B," and that it was not bound by any agreement made in "Exhibit A," and it thereupon collected its debt from the plaintiff, amounting to $1,875.50, J. W. Lynch and L. V. Morrill being insolvent. To recover which amount the plaintiff now sues S. H. Loftin. The defendant Loftin assigned as ground for his demurrer (1) that the complaint alleged no cause of action against him in that (*a*) the plaintiff was not a party to the agreement containing the above recital and furnished no part of the consideration; (*b*) that defendant was not a party to the action in which it was adjudged by consent that the note be surrendered to J. W. Lynch (which judgment was subsequently set aside and declared inoperative); (*c*) that the complaint does not allege performance of the conditions imposed upon J. W. Lynch by the agreement and contract sued upon; (*d*) that the note recited in the complaint was not held at the date of that agreement or ever thereafter held S. H. Loftin or his assignees. (2) Because J. W. Lynch was not a party to this action, and that he was a necessary party.

*G. W. Cowper, Y. T. Ormond* and *John D. Bellamy & Son* for plaintiff.
*Loftin, Varser & Dawson* for defendants.

MANNING, J. This case presents some unusual features. The plaintiff takes a note from J. W. Lynch and L. V. Morrill for $1,500, in the usual form. He endorses that note in blank, and it comes, before maturity, to the possession of the defendant, S.

H. Loftin, who endorses it to the Merchants National Bank of Richmond, Va. The note being unpaid at maturity, the holder sued the endorsers and makers and recovered judgment; the plaintiff being the first endorser (the principals being insolvent), has paid the judgment amounting to $1,875.50. This amount he now seeks to recover of his subsequent endorser, S. H. Loftin. It would seem to be clear that he could not recover. Sec. 2217, Revisal; *Adrian v. McCaskill,* 103 N. C., 182. "As respects one another, endorsers are liable *prima facie* in the order in which they endorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise." Revisal, sec. 2217. But the plaintiff endeavors to prevent this result by setting up an agreement made by defendant Loftin and his assignees under a deed of assignment for the benefit of his creditors with J. W. Lynch, one of the principals in the note recited. The material part of the agreement alleged by plaintiff is the paragraph set out in the preceding statement of the case. It will be observed that the plaintiff was not a party to that agreement, but he contends that he was a beneficiary thereof, and that he can insist upon its performance by the defendant; and upon his failure, that he is entitled to recover damages, to-wit, the amount paid by him in satisfaction of the judgment recovered upon the note. The plaintiff further invokes to his aid a consent judgment rendered in an action brought upon the note, to which the defendant Loftin was not a party, and which judgment was subsequently rendered nugatory by another judgment of the Superior Court of Lenoir County, upon the ground that one of the parties named—the banking corporation—did not exist, and because, further, none of the parties to the pretended consent judgment had any authority to bind the real owner of the note by such a judgment. In *Vaughan v. Gooch,* 92 N. C., 524, *Smith, C. J.,* speaking for this Court to the effect and validity of a consent judgment, said: "The judgment, or, as it is termed, the decree is, by consent, the act of the parties rather than of the court, and it can only be modified or changed by the same concurring agencies that first gave it form, and whatever has been legitimately and in good faith done in carrying

153—18

out its provisions must remain undisturbed. The authorities
to this effect are simple and decisive among our own adjudica-
tions. In *Wilcox v. Wilcox,* 1 Ird. Eq., 36, *Gaston, J.,* declares
a decree rendered by consent to be in truth the decree of the par-
ties, and in such a decree, *stat pro ratione, voluntas,* their will
is a sufficient reason." In *Edney v. Edney,* 81 N. C., 1, *Dil-
lard, J.,* says that "a decree by consent, as such, must stand and
operate as an entirety, or be vacated altogether, unless the
parties by a like consent shall agree upon and incorporate into it
an alteration or modification. If a clause be stricken out," he
adds, "against the will of a party, then it is no longer a consent
decree, nor is it a decree of the court, for the court never made
it." Such being the law in this State, the consent judgment
was properly avoided as having been rendered without the con-
sent of one of the parties thereto. Further, the defendant Lof-
tin was not a party to the consent judgment or the action in
which it was rendered. As it cannot operate as an entirety, it
is altogether a nullity, and the plaintiff can derive no benefit
therefrom. The facts which render it ineffective appear in the
complaint. We will next consider the agreement upon which
plaintiff relies to change the order of liability upon the note.
If this agreement does not change this order of liability, then
the complaint states no cause of action and the demurrer should
have been sustained. The complaint does not distinctly allege
a change in the *prima facie* order of liability, but it sets out the
contract, and if this effects this change, it would be held, under
our liberal construction of pleadings, sufficiently pleaded. The
contract was executory in its provisions. J. W. Lynch, a party
thereto, was required to transfer certain properties, and the
defendant Loftin was required to do certain acts. The plaintiff
does not allege any performance by J. W. Lynch—through whom
he must work out his rights—of the acts required of him by the
contract. The contract is simply alleged to have been executed,
and there the allegations end. Nothing is charged to have been
done under it and no new relations or rights acquired. To hold
the defendant Loftin to a performance, conceding that it is
efficient to protect the plaintiff and vest in him an enforceable
right, without alleging a performance by J. W. Lynch of the

covenants and agreements imposed upon him, and especially as plaintiff rests upon a performance by J. W. Lynch to entitle him to any relief, would be unwarranted by any principle of liberal construction of pleading or by any recognized principle of law or equity. There is an entire absence of essential connection between the matters alleged and the relief demanded. We think J. W. Lynch not only a proper, but a necessary party to this action. If, as a fact, J. W. Lynch performed his part of the agreement, and his performance was a discharge and payment of the note described in the complaint to S. H. Loftin, the defendant, he being a principal in the note, his payment would ensure to the benefit of the plaintiff whose liability was only that of an endorser, and as between plaintiff and defendant, the defendant would be required to account to the plaintiff for the consideration received. In this way only, in our opinion, can the agreement be of any avail to the plaintiff, but even in this way it is doubtful if this note was embraced within the terms of the agreement. It was not "held" by the defendant Loftin or his assignees, as may have been known to J. W. Lynch. In any view, the demurrer should have been sustained, and the action will be dismissed unless the plaintiff shall obtain leave to make new parties and to amend his complaint and insert therein the necessary allegations to entitle him to relief. In overruling the demurrer there was

Error.

Hoke, J., not sitting.