J. T. EDWARDS AND WIFE ET AL. v. GEORGE E. SUTTON ET AL.

(Filed 14 March, 1923.)

**Judgments—Consent—Tenants in Common—Commissioner to Sell Land— Division of Land — Interest — Equity — Judgment Set Aside—Procedure.**

> Where the action involves the validity of a deed given to an heir at law of the deceased owner of lands, and a division of his other lands among his heirs as tenants in common, and a consent judgment has been entered

establishing the validity of the deed and directing a division of the other lands to be made by the grantee heir at law, his report to have the effect of a decree of the court, all parties waiving the right to except: *Held*, upon exception to the report by one of the parties, that the division thus made was inequitable, and upon the finding of the judge that the one appointed was an interested party and had not made division of all of the lands, the consent judgment should be set aside *in toto*, in the exercise of the equitable jurisdiction of the court, and its order referring the matter to the clerk of the court to appoint commissioners to sell, and further proceedings to be had for the division according to the regular proceeding and practice of the court was a proper one.

STACY, J., concurs in result.

APPEAL by plaintiffs from *Lyon, J.,* at chambers.

N. G. Sutton died intestate 3 February, 1919, and this action was for the purpose of dividing his lands, and also to declare null and void certain deeds in possession of the defendant, George E. Sutton, which had been executed by N. G. Sutton and wife, but which it was alleged had never been delivered to the grantees therein named.

All the parties, whether plaintiff or defendant, were children of the said N. G. Sutton and tenants in common, subject to the dower interest of his widow, who was not joined as a party to the action, but came in later and signed the consent judgment which it is sought by this proceeding to have set aside.

When the case came on for trial at the June Term, 1921, of Lenoir, all the parties, including said widow, agreed upon a settlement and method of division of the lands of N. G. Sutton, the plaintiffs relinquishing the contention that certain deeds in the possession of George E. Sutton had never been delivered, and it was agreed that said George E. Sutton should be authorized to divide all the lands owned by N. G. Sutton at the time of his death which were not covered by the said deeds, the division to be made by George E. Sutton, one of the defendants, "according to his views of what is necessary to make an equal and equitable partition in value, so that the acreage assigned to each child by George E. Sutton, added to the lands conveyed to each of the children in said deeds, should constitute a fair and equitable partition of the lands of said N. G. Sutton, and with power in George E. Sutton to pay such sums as might be necessary to make such partition equitable out of the personal estate of N. G. Sutton, of which said George E. Sutton was administrator."

Under the terms of said consent judgment the said George E. Sutton was to report to the court in writing in 60 days from the adjournment of the June term, all of the parties "agreeing in advance to waive any right to file exceptions thereto, and agreeing that the report should be confirmed and entered as a decree of the court."

· The said George E. Sutton did not file his report until 22 September, 1921. One of the defendants, L. A. Sutton, who is the appellee, filed a petition at October Term, 1921, of the Superior Court, alleging that the division of the lands as shown in the report of George E. Sutton was inequitable, and moved to set aside the report and requested the court to appoint three commissioners to divide the land. Affidavits were filed on both sides. The judge refused to set aside the judgment *in toto,* but held that the division of the lands as provided for in said judgment should be vacated for that certain of the lands of the late N. G. Sutton were not divided; and further, that the person designated under the consent judgment to make such division was interested in the subject-matter thereof, and adjudged that the partition be vacated and set aside and the proceedings be transferred to the clerk of the Superior Court with directions to appoint commissioners for that purpose. From this judgment all the parties, except L. A. Sutton, appealed.

*Dawson & Wallace and Cooper, Whitaker & Allen for plaintiffs.*
*Ward & Ward for L. A. Sutton.*

CLARK, C. J. This was a motion to set aside the consent judgment for the division of lands, in which judgment it was recited that it was agreed that certain deeds in the possession of George E. Sutton, which it is alleged had never been delivered by the intestate, should be accepted as valid.

The judge, while declining to set aside the consent judgment in full, held that the division of the lands as provided for in said judgment should be vacated for that all the lands of the late N. G. Sutton were not divided; and further, for that the person designated under the consent judgment to make such division was interested in the action and subject-matter thereof. There was also strong evidence before the court to show gross inequality in the partition, as reported. The report of George E. Sutton, appointed to make the partition, was not filed within the time specified by the consent judgment.

It is a well settled principle of law that no man should be a judge in his own case. *White v. Connelly,* 105 N. C., 69, and cases cited thereto in the Anno. Ed. For this reason, and because there had not been a complete division of all the lands, we think the judge was well within his equitable jurisdiction in setting aside the report of the referee and referring the matter to the clerk of the court to appoint commissioners and to proceed regularly for the division of the real estate in question.

As the judge finds that all the lands of the late N. G. Sutton have not been divided, it seems that it was proper also to set aside the agreement as to the deeds which it was alleged were in the possession of George E.

Sutton, and which had not been delivered by N. G. Sutton to the parties named therein. The two matters involved seem so intermingled that it was impracticable to set aside a part of the consent order without setting it aside *in toto.* Indeed, the appellants in their assignment of error allege that the court "could not in effect set aside a part of the consent judgment without setting aside the whole thereof."

Upon a review of the facts found, we think that the judgment should be modified by setting aside the whole of said judgment and directing a settlement of the matters in controversy according to the regular procedure and practice of the courts. The judgment, therefore, is thus

Modified and affirmed.

STACY, J., concurs in result.