PAUL BOUCHER, ADMINISTRATOR C. T. A., D. B. N., OF JAMES MILLARD, DECEASED, v. UNION TRUST COMPANY AND MARY BEASON, ADMINISTRATRIX OF J. W. BEASON, DECEASED.

(Filed 17 March, 1937.)

1. Judgments § 4—

   A judgment entered upon solemn consent of the parties cannot be changed or altered without the consent of the parties to it, or set aside except upon proper allegation and proof and a finding of the court that it was obtained by fraud or mutual mistake, or that consent was not in fact given, the burden being on the party attacking the judgment.

2. Same—

   The proper procedure to set aside a consent judgment as to a stipulated item on the ground that such item was not included in the settlement, and was not, therefore, consented to by the parties, is by motion in the cause.

**3. Judgments § 32—Consent judgment held to bar all matters properly within scope of its terms.**

Suit was instituted against a widow as administratrix of her husband to recover sums alleged to be due by the husband on account of matters transpiring while the husband was acting as administrator *c. t. a.* of plaintiff's testate, plaintiff having been appointed administrator *c. t. a.*, *d. b. n.*, after the death of the husband. A compromise judgment was entered by the provisions of which plaintiff recovered a stipulated sum for the estate of his testate in full satisfaction and settlement of all claims which then existed or might thereafter arise on account of the husband's administration of the estate of plaintiff's testate, and released the surety on the husband's bond. Thereafter, plaintiff learned of a deposit in a bank to the credit of the estate of his testate, and instructed the bank to credit the deposit to him as administrator, which an official of the bank promised to do. On the next day the widow withdrew the deposit, informing the bank that it was necessary to complete a settlement had with plaintiff in regard to the estate. Plaintiff instituted this action against the bank and the widow, contending that at the time of the settlement he did not know of the deposit, and that the widow wrongfully withdrew the deposit and that the bank had unlawfully paid same to her. *Held:* By the terms of the consent judgment the item was included in the settlement, and the consent judgment bars plaintiff from maintaining this action, plaintiff's remedy to set aside the consent judgment as to the deposit on the ground that he did not consent thereto, being by motion in the cause.

APPEAL by defendants from *Sink, J.,* at September Term, 1936, of RUTHERFORD. Reversed.

The following facts were agreed upon between the plaintiff and the defendants in the court below:

"(1) That J. W. Beason (now deceased) qualified as administrator *c. t. a.* of the estate of James Millard, deceased, in Rutherford County on 8 January, 1930, and immediately assumed his duties as such administrator and continued to serve until the said J. W. Beason died on 4 May, 1934; that upon the death of J. W. Beason his widow, Mrs. Mary Beason, qualified as administratrix of his estate and immediately assumed the duties thereof.

"(2) That after the death of the said J. W. Beason, J. H. Burwell qualified as administrator *c. t. a., d. b. n.,* of the estate of James Millard, deceased, and that Mrs. Mary Beason, administratrix of J. W. Beason, deceased, filed a final settlement of the administration of the James Millard estate by J. W. Beason, deceased, said report showing a balance due to the estate of James Millard of $655.55, of which amount $628.88 was paid to J. H. Burwell as administrator *c. t. a., d. b. n.,* of James Millard, deceased; that thereafter on 22 November, 1934, J. H. Burwell as administrator *c. t. a., d. b. n.,* of James Millard, filed a suit against Mrs. Mary Beason, administratrix of J. W. Beason, deceased, on account of the administration of the James Millard estate by

the said J. W. Beason, alleging various matters concerning said administration and demanding judgment for the sum of $3,108.95.

"(3) That thereafter on 21 January, 1935, J. H. Burwell died and Paul Boucher was appointed by the court as administrator *c. t. a., d. b. n.*, of the James Millard estate and was substituted as party plaintiff to the action formerly instituted by the former administrator against the estate of J. W. Beason, deceased, and prosecuted said action.

"(4) That the said Paul Boucher, administrator *c. t. a., d. b. n.*, of the James Millard estate, and the defendant Mrs. Mary Beason, administratrix of J. W. Beason, deceased, and Fidelity and Casualty Company of New York compromised and settled all differences set forth in the complaint and answer as shown by the judgment entered in said cause.

"(5) That at the time of said compromise judgment there was on deposit in Union Trust Company, a banking institution in Rutherfordton, N. C., a deposit in the amount of $109.72 to the credit of 'J. W. Beason, administrator of James Millard, deceased,' which amount was withdrawn by Mrs. Mary Beason, administratrix of J. W. Beason, deceased, by check drawn on said account, reading as follows:

" 'Rutherfordton, N. C., July 27, 1935.

Union Trust Company, Rutherfordton Branch

Pay to the order of CASH...... .........................................$109.72
One Hundred and Nine Dollars and seventy-two/100.
J. W. Beason, Admr. of James Millard Estate,
    By Mrs. J. W. Beason, Admrx. of J. W. Beason Estate.'

"(6) That the said Paul Boucher, administrator of James Millard, deceased, did not know of said deposit at the time of the settlement in the suit pending in the Superior Court; that upon being informed by W. W. Nanney, manager of Union Trust Company, that said amount was deposited as above set out, he immediately informed the said W. W. Nanney that the money belonged to him as administrator of the James Millard estate and instructed him to transfer the said amount to his account as administrator in said bank, and not to pay same out to any other person; that the said W. W. Nanney, manager of Union Trust Company, consented to transfer said money to the account of Paul Boucher as such administrator and agreed not to pay same out to any other person, but that the said W. W. Nanney did not know of any compromise settlement having been effected between the parties at that time. That the above said notice and information was given to the bank by the said Paul Boucher, administrator, a day before the bank paid out said money to Mrs. Mary Beason, administratrix.

"(7) That J. P. Stockton, teller in said bank who cashed the check presented by Mrs. Mary Beason, administratrix of J. W. Beason, deceased, was informed that she desired to withdraw said fund in order to complete the settlement which she had just made with the said Paul Boucher as administrator of the said James Millard estate, and that the fund in question belonged to her as administratrix of J. W. Beason, deceased.

"(8) Upon the foregoing facts found by the court, the court is of the opinion that the said deposit of $109.72 on deposit in said Union Trust Company to the credit of J. W. Beason, administrator of James Millard, deceased, is sufficiently ear-marked to be adjudged the property of James Millard, deceased, and that Paul Boucher, the plaintiff in this action, is entitled to said fund; and that the defendant Union Trust Company, having unlawfully and erroneously paid out said sum to the defendant Mrs. Mary Beason, administratrix of J. W. Beason, deceased, the plaintiff is entitled to recover the amount of said deposit.

"It is thereupon ordered, adjudged, and decreed that the plaintiff have and recover of and from the defendants Union Trust Company, a banking corporation, and Mrs. Mary Beason, administratrix of J. W. Beason, deceased, the sum of $109.72, together with the costs of this action, and interest on the said sum of $109.72 from 27 July, 1935, until paid.

H. HOYLE SINK, <em>Judge Presiding.</em>"

The defendants excepted and assigned error and appealed to the Supreme Court on the ground that "the lower court erred in signing the judgment as appears in the record for that the same is not supported either by the evidence offered by plaintiff or by the findings of fact by the court."

*Wade B. Matheny for plaintiff.*
*C. B. McRorie for Union Trust Company, defendant.*
*Stover P. Dunagan for Mrs. Mary Beason, Admrx., defendant.*

CLARKSON, J. The question involved in this appeal is as follows: "Does the former judgment entered into between plaintiff and the defendant Mary Beason, administratrix of J. W. Beason, operate as a bar or estoppel to this action?" We think so under the facts and circumstances of this case.

In *Gardiner v. May,* 172 N. C., 192 (194-5), it is said, citing numerous authorities: "Where parties solemnly consent that a certain judgment shall be entered on the record, it cannot be changed or altered, or set aside without the consent of the parties to it, unless it appears, upon proper allegation and proof and a finding of the court, that it was ob-

tained by fraud or mutual mistake, or that consent was not in fact given, which is practically the same thing, the burden being on the party attacking the judgment to show facts which will entitle him to relief."

In *Distributing Company v. Carraway,* 196 N. C., 58 (60), citing authorities, we find: "It is well established by a long line of decisions that when a court of competent jurisdiction renders judgment in a cause properly before it, such judgment estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward."

The proper procedure to set aside the judgment is by motion in the cause. *Cason v. Shute, ante,* 195 (196).

The plaintiff contends that it does not appear of record that the item $109.72 embraced in this action was in controversy in the first action, but the judgment which is a part of the record was agreed to by the parties and it says: "And the defendants have agreed to pay to the plaintiff the sum of $350.00, together with the court costs, said payment to be in full satisfaction and settlement of all claims against the defendants set out in the complaint, and in full satisfaction and settlement of all claims which now exist or hereafter arise against the estate of J. W. Beason on account of his acting as administrator *c. t. a.* of the James Millard estate."

Then again, in finding of fact 7 is the following: "That J. P. Stockton, teller in said bank who cashed the check presented by Mrs. Mary Beason, administratrix of J. W. Beason, deceased, was informed that she desired to withdraw said fund in order to complete the settlement which she had just made with the said Paul Boucher as administrator of the said James Millard estate, and that the fund in question belonged to her as administratrix of J. W. Beason, deceased."

On this record it is found that defendant Mary Beason, administratrix of J. W. Beason, was withdrawing the fund "in order to complete the settlement" and the judgment is explicit that it covers all claims which "now exist or hereafter arise against the estate of J. W. Beason on account of his acting as administrator *c. t. a.* of the James Millard estate." The parties to the judgment were *sui juris* and the judgment is binding unless set aside as above indicated. The judgment even goes so far as to release the surety upon the bond of J. W. Beason, deceased, as administrator *c. t. a.* of James Millard.

For the reasons given, the judgment of the court below is
Reversed.