ROGER A. JENNINGS v. MOREHEAD CITY, A MUNICIPAL CORPORATION.

(Filed 16 October, 1946.)

**1. Limitation of Actions § 15—**

Defendant's allegations that plaintiff's cause of action on bond coupons had accrued more than ten years prior to the institution of the action and was barred under the provisions of G. S., 1-46, is a sufficient pleading of statute of limitations, although no specific reference is made to the particular sections of the statute applicable. G. S., 1-47 (2) ; G. S., 1-56.

**2. Limitation of Actions §§ 16, 18—**

Where defendant sufficiently pleads the statute of limitations the burden is upon plaintiff to show that his action was commenced within the time permitted by the statute, and upon his failure to do so, nonsuit is proper.

**3. Limitation of Actions § 6c—**

Where bond coupons are negotiable in form and payable to the bearer, and have been detached from the bonds and the bonds sold, the statute of limitations begins to run against each of them from their respective dates of maturity, and in such instance a contention that the coupons were incident to the principal obligation of the bond and were valid during the life of the bond is untenable.

APPEAL by plaintiff from *Carr, J.,* at June Term, 1946, of CARTERET. Affirmed.

This was an action to recover on certain coupons which had been originally attached to municipal bonds issued by the defendant Morehead City.

These coupons, 30 in number, dated 1925, were due and payable April and October, 1932, and April, 1933. The bonds to which these coupons had been originally attached were No. 39, maturity date October, 1934; Nos. 43, 44 and 45, maturity date October, 1935; Nos. 49, 50 and 51, maturity date October, 1936; and Nos. 55, 56 and 57, maturity date October, 1937.

Defendant pleaded the ten-year statute of limitations as a bar to recovery on these coupons, alleging "that the plaintiff's claims have matured

more than ten years next prior to the time of commencement of this action and are therefore barred under the provisions of section 1-46 of the General Statutes of North Carolina, and which bar this defendant pleads against the right of plaintiff to recover."

Plaintiff testified he became the owner of the coupons sued on in 1932; that he at one time owned the bonds to which they had been attached and had sold them. It further appeared that in 1934 or 1935 the defendant Morehead City, finding itself unable by ordinary processes to discharge its obligation evidenced by its bonds, undertook to refinance its bonded indebtedness by calling in its outstanding bonds and issuing in substitution other bonds which it was able to finance; that this plan with the aid of a bondholders' committee and the Local Government Commission was successfully consummated in 1938, and the original bonds were surrendered and canceled; that at the time plaintiff had notice of the plan of defendant to refinance its obligation but declined to allow his coupons to be included, and demanded payment in full or credit on a street assessment, which was refused.

This action was begun 14 January, 1946.

At the conclusion of plaintiff's evidence, motion for judgment of nonsuit was allowed, and plaintiff appealed.

*W. R. Dalton for plaintiff, appellant.*

*Hamilton & McNeill and J. F. Duncan for defendant, appellee.*

DEVIN, J. The judgment of nonsuit entered below was based on the ground that plaintiff's evidence showed the action was barred by the ten-year statute of limitations. Two questions are presented by the appeal: (1) Has defendant sufficiently alleged the bar of the statute of limitations? (2) If so, is action on the coupons offered in evidence barred by the statute?

1. While the defendant in pleading the ten-year statute of limitations as a bar to plaintiff's action refers to section 1-46 of the General Statutes, it will be noted that this section is the general statute relative to the periods prescribed for the commencement of actions other than for the recovery of real property, "as set forth in this article," and immediately following is the specific provision prescribing the period of ten years with respect to an action upon a sealed instrument, and the statute prescribing the period of ten years after the cause of action has accrued within which an action for relief not otherwise provided for must be commenced. G. S., 1-47 (2); G. S., 1-56.

We think the defendant has sufficiently pleaded that plaintiff's cause of action accrued more than ten years before the commencement of his action, and that his action is barred by the statute of limitations.

2. The statute of limitations having been sufficiently pleaded, the burden of proof was upon the plaintiff to show that his action was commenced within the time permitted by the statute. *Sprinkle v. Sprinkle,* 159 N. C., 81, 74 S. E., 739. This he has failed to do, and defendant's motion for judgment of nonsuit was properly allowed.

The coupons sued on were negotiable in form, payable to bearer 1 April and 1 October, 1932 and 1933, and the statute of limitations began to run against them from their respective dates of maturity. Upon nonpayment at maturity of each coupon the holder had a complete cause of action. *Amy v. Dubuque,* 98 U. S., 470; *Koshkonong v. Burton,* 104 U. S., 668; *Threadgill v. Commissioners,* 116 N. C., 616, 21 S. E., 425; *Broadfoot v. Fayetteville,* 124 N. C., 478 (494); *Hidalgo County v. Jackson,* 119 F. (2d), 108; *State v. Rorabeck,* 108 P. (2d), 601; *Dickerson v. Railroad Co.,* 103 N. J. L., 175; 62 A. L. R., 270 (Annotation); McIntosh, 148.

The plaintiff's contention that the coupons, having been originally attached to municipal bonds and representing interest obligations thereon, were incident to the principal obligation of the bond and were valid during the life of the bond, is untenable on this record. According to the plaintiff's evidence the bonds to which the coupons in suit were originally attached were sold by the plaintiff and these bonds were subsequently surrendered and canceled. The coupons sued on were presumably detached and retained by the plaintiff when the bonds were sold. They became separate and distinct obligations due and payable in April and October, 1932, and April, 1933, and were barred after the lapse of ten years from those dates. The case of *Knight v. Braswell,* 70 N. C., 709, cited by plaintiff, related to the interest charge "payable annually" incorporated in the body of a note. The obiter reference to coupons was based on two decisions of the Supreme Court of the United States which were later distinguished in *Amy v. Dubuque, supra.* The ruling below was in accord with well considered decisions in this and other jurisdictions.

The judgment of nonsuit is

Affirmed.