DOROTHY ISABELLA OVERTON, Widow, Petitioner v. ANNABELLE
OVERTON, non compos mentis, JENNETTE OVERTON, FREDERICK
OVERTON, SYLVIA LEE OVERTON, minors, and ELIJAH CHERRY,
Trustee and Executor of the Estate of ANTHONY ASHLEY OVER-
TON, Deceased, Respondents.

(Filed 6 March 1963.)

**1. Wills § 60;    Dower § 4;    Executors and Administrators § 23—**

G.S. 31-1, prescribing that a widow may dissent from the will of her
husband at any time within six months after probate is a statute of
limitations and not a condition precedent annexed to the remedy, both
with regard to the widow's statutory right to a year's support, G.S.
30-15, and to the widow's right to dower as to testate property, G.S.
30-1, and therefore the six months' limitation must be pleaded in the
same manner as is required for the pleading of any other statute of limi-
tations.

**2. Limitation of Actions § 16—**

Unless a statutory limitation is a condition precedent annexed to the
cause of action itself, the bar of the statute must be affirmatively pleaded
by answer.

**3. Same—**

Mere denial, in the answer, of plaintiff's allegations that she had
instituted claim in apt time and in the proper manner is not a sufficient
plea of the applicable statute of limitations, certainly when it does not
affirmatively appear from plaintiff's pleadings that the claim was not
instituted within the time allowed, but defendant is required to set up the
affirmative defense of the statute, not merely by pleading the legal con-
clusion that plaintiff's claim is barred, but by alleging facts disclosing
the lapse of time in excess of the statutory limitation between the date
the cause accrued and the date the claim or action was instituted.

**4. Same;    Infants § 1—**

The court will not deem the statute of limitations pleaded in behalf
of minors when their duly appointed guardian *ad litem* has not entered
such plea.

**5. Judgments § 8—**

The power of the court to sign a consent judgment is based upon the
unqualified consent of the parties, and the judgment is void if the
parties do not consent thereto at the time the court promulgates it as a
consent judgment.

**6. Judgments § 25—**

The proper procedure to attack a consent judgment on the ground that
a party thereto did not give his consent to the judgment as entered is
by motion in the cause, and the court's findings of fact in regard thereto
are conclusive when the findings are supported by any competent evidence.

**7. Same—**

The agreements of the parties to a consent judgment are reciprocal, and therefore when the judgment is void as to one of the parties because of the want of his consent at the time the judgment was entered, it is error for the court to eliminate from the judgment only that part which affects that party alone, since what is left is not what was agreed to by the other parties, and therefore the judgment must be set aside in its entirety.

APPEAL by petitioner from *Bundy, J.,* September 1962 Term of PAS-QUOTANK.

Special proceeding for allotment of widow's year's allowance and dower.

*J. Kenyon Wilson, Jr., and Killian Barwick for petitioner appellant.*
*Frank B. Aycock, Jr., and W. C. Morse, Jr., for respondents, appellees.*

MOORE, J. Anthony Ashley Overton and Dorothy Isabella White were married in 1929 in the State of New York. Without having obtained a divorce, Overton entered into a marriage ceremony with Annabelle Hollowell in 1938 in Camden County, North Carolina. He and Annabelle lived together in North Carolina and three children, Sylvia, Frederick and Jennette Overton, were born to them. Anthony died testate on 12 November 1958. His will was admitted to probate on 17 November 1958 in Pasquotank County. His estate was devised and bequeathed to Annabelle, Sylvia, Frederick and Jennette, and the will refers to Annabelle as his wife and Sylvia, Frederick and Jennette as his children. Elijah Cherry was named executor and trustee and qualified as such.

Dorothy filed a dissent to the will on 22 May 1959, six months and five days after the will was admitted to probate. She instituted a special proceeding on 5 September 1959 for allotment of year's allowance and dower. Frederick and Jennette were minors and Gerald F. White was appointed guardian *ad litem* for them. The clerk of the superior court found as a fact that Annabelle was *non compos mentis* and appointed Ray Etheridge guardian *ad litem* for her.

Elijah Cherry, executor and trustee, and Sylvia filed a joint answer. Gerald F. White and Ray Etheridge, guardians *ad litem*, each filed answer. All of the answers denied the material allegations of the petition generally, and denied that Dorothy was the widow of testator.

A consent judgment was entered by the clerk on 1 November 1960 and was approved by Morris, Resident Judge. The consent judgment

provided for payment of $5500 and costs to petitioner in lieu of year's support, dower and all other claims of petitioner against the estate. The judgment was signed, indicating consent, by attorneys for petitioner, attorneys for executor-trustee and Sylvia, Elijah Cherry, executor-trustee, Ray Etheridge and Gerald F. White, guardians *ad litem.*

Thereafter Annabelle moved to set aside the consent judgment, alleging that she was not insane and had not consented to the judgment or authorized anyone to consent for her. The motion was heard by Judge Morris, who found as a fact that Annabelle had been an inmate of the State Hospital for the Insane at Goldsboro for a number of years but had been released and discharged five months before the consent judgment was entered, and had not consented to the entry of the judgment or authorized anyone to consent for her. The judge made an order decreeing that "as to the movant Annabelle Overton . . . the judgment . . . is null and void and of no effect," and allowing her to answer. Annabelle's answer consists of a denial that Dorothy is widow of testator, and a general denial of other material allegations.

The proceeding came on for trial before Judge Bundy. One issue was submitted to and answered by the jury as follows: "Is Dorothy Isabella Overton the widow of Anthony Ashley Overton, as set forth in her petition? Answer: Yes." Before verdict respondents moved to be permitted, as a matter of right and also in the court's discretion, to amend the answers and plead the six months statute of limitations, G.S. 30-1. The motion was denied. After verdict, respondents renewed this motion and also moved for judgment notwithstanding the verdict. The motions were denied.

All parties agreed that judgment might be signed out of term and out of the county. Judgment was signed in Camden County, ruling that petitioner was not entitled to a year's allowance or dower, decreeing that "petitioner take nothing by her proceeding," and dismissing the petition. Petitioner appeals.

Petitioner assigns as error the following conclusions of law upon which the judgment was based:

> "1.　Dissent to the will of the testator is a condition precedent to allotment of the widow's year's allowance provided for in G.S. 30-15 since such allowance is a statutory right and she must comply with the statute. *PERKINS v. BRINKLEY,* 133 N.C. 86, 45 S.E. 465. The petitioner, not having complied with the statute as to dissent, G.S. 30-1, is not entitled to the widow's year's allowance.

"2.  While a statute of limitations is a positive defense and must be pleaded, when it has been properly pleaded, the burden is upon the plaintiff to show that his claim is not barred, and not upon the defendant to show that it is barred, EXCEPT WHERE THE STATUTE IS RELIED UPON TO GIVE TITLE, AS IN AN ACTION FOR LAND, WHERIN THE DEFEND-ANT MUST MAKE GOOD HIS TITLE TO DEFEAT PLAIN-TIFF'S TITLE WHEN PROVED (emphasis added.) McIntosh North Carolina P & P, Section 372.

" 'Defendants were at liberty to establish their title to the land in controversy without having to plea the source or manner in which they acquired title.' *BUMGARNER v. CORPENING,* 246 N.C. 40.

"The petitioner 'had no right to dissent after the lapse of six months after the probate' of the will. *PERKINS v. BRINKLEY, et al, supra.* As to dower in the lands described in the petition, the petitioner has acquiesced for six months to the will of the man found by the jury to be her husband. While G.S. 30-1 is a statute of limitations and dower a common law right of property, she must comply with the statute and, not having done so, the Court rules as a matter of law that she is not entitled to dower.

"It is thereupon ordered, adjudged and decreed that petitioner take nothing by her proceeding, that this petition be dismissed."

G.S. 30-1, as phrased prior to the 1961 revision, states that "Every widow may dissent from her husband's will before the clerk of the superior court of the county in which such will is proved, at any time within six months after the probate." This is a statute of limitations. Dissent within six months is not a condition precedent to the right of a widow, whose husband dies testate, to dower. Failure to dissent with-in the time specified does not extinguish the right, it simply bars the action therefor. *Trust Co. v. Willis,* 257 N.C. 59, 125 S.E. 2d 359; *Whitted v. Wade,* 247 N.C. 81, 100 S.E. 2d 263; *Hinton v. Hinton,* 61 N.C. 410.

It is argued that dower is a common law right and even if G.S. 30-1 is not a condition precedent to the right of dower as to testate proper-ty, dissent within six months is a condition precedent to a widow's right to a year's support from such property, by judicial interpretation and the language of G.S. 30-15. It is true that the right of a widow to a year's support is purely statutory. *Broadnax v. Broadnax,* 160 N.C. 432, 76 S.E. 216. And G.S. 30-15 (as it existed prior to its re-vision in 1961) confers the right on "every widow of an intestate, or

of a testate from whose will she has dissented." It is stated in *Perkins v. Brinkley,* 133 N.C. 86, 45 S.E. 465, in which allotment of a year's allowance was involved, that the widow "had no right to dissent after the lapse of 'six months after the probate' of the will." See also *Jones v. Callahan,* 242 N.C. 566, 570, 89 S.E. 2d 111. Appellees construe the statement in *Perkins* as a ruling that dissent within six months is a condition precedent to the right to a year's support. But the time of dissent was not in question in either the *Perkins* or the *Jones* case. In neither of those cases had there been a dissent from the will at any time before proceedings for the allowance were instituted. We perceive no real distinction between the purport of the language of G.S. 30-15 and the principles applied to dower as to testate property. G.S. 30-1 confers no right of dower or year's support; these rights exist independently. G.S. 30-1 merely limits the time within which the rights may be asserted. The time element in the dissent statute is a statute of limitations with respect to both rights.

"Under the present code, the objection that the claim is barred by the statute can be taken only by answer; and even when it appears from the face of the complaint that the claim is barred, objection cannot be made by demurrer, nor by motion to dismiss because the complaint does not state a cause of action. In possessory actions which involve the title to land, it is not necessary to plead the statute specially, but objection may be taken under a general denial, since the statute in such cases confers a title, and does not simply bar the remedy." 1 McIntosh, North Carolina Practice and Procedure (2d Ed.), s. 371, p. 210. The court below seems to have relied upon the last sentence in this quotation from McIntosh, illustrated by the holding in *Bumgarner v. Corpening,* 246 N.C. 40, 97 S.E. 2d 427. It is not apposite. The *Bumgarner* case involves a dispute over land boundaries, and defendants therein claimed title to the disputed area by virtue of adverse possession under color of title. In the instant case respondents' title is not in question.

The objection that an action was not commenced within the time limited can only be taken by answer. G.S. 1-15. Unless a statute of limitations is annexed to the cause of action itself, the bar of limitation must be affirmatively pleaded in order to be available as a defense. *Elliott v. Goss,* 250 N.C. 185, 108 S.E. 2d 475; *Stamey v. Membership Corp.,* 249 N.C. 90, 96, 105 S.E. 2d 282; *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125.

The petition alleges that petitioner, "in apt time and in proper manner, filed her dissent from said will." In the answers this allegation "is denied." Respondents contend that the denials amount to an

affirmative pleading of the statute. We do not agree. "It is an established principle of pleading that the plaintiff need not in his pleading anticipate or negative possible defenses. . . ." 34 Am. Jur., Limitation of Actions, s. 424, p. 335. It is the majority view that "The bar of the statute of limitations is an affirmative defense and cannot be availed of by a party who fails, in due time and proper form, to invoke its protection. As a general rule, unless the facts that raise the bar of the statute appear to be admitted or the fact that a cause of action is barred appears upon the face of the complaint, . . . it is necessary, in order that a defendant may invoke the statute of limitations as a defense, that he plead the statute specially . . .; if he fails to do so, the defense is not available, for it is deemed waived, and the plaintiff may recover as in other cases, notwithstanding the statute has run. Ordinarily the defense of the statute may not be raised under a plea of the general issue." *ibid*, s. 428, pp. 337-8. This rule is somewhat more favorable to respondents than the holdings in this jurisdiction (see the quotation from McIntosh in the second paragraph next above), and even under this general rule respondents' answers do not qualify as affirmative pleas in bar. Petitioner's allegation that she had "in apt time and in proper manner, filed her dissent" is not an admission of the facts that raise the bar of the statute, but is to the contrary; and the fact that the proceeding is barred does not appear upon the face of the complaint. If the filing of dissent within six months were a condition precedent to the institution and maintenance of the proceeding, which it is not, proof by petitioner upon trial that dissent was filed six months and five days after probate of the will would require dismissal of the action. But since there was no affirmative plea in bar, such proof does not justify dismissal. Furthermore, petitioner's allegation is a mere conclusion of the pleader, and respondents' general denial of the conclusion is not affirmative pleading. "The plea of the statute is ineffectual in the absence of factual allegation showing the lapse of time between the date the cause of action accrued and the date on which the case of action was instituted." 3 Strong: N. C. Index, Limitation of Actions, s. 16, p. 154; *Janicki v. Lorek*, 255 N.C. 53, 120 S.E. 2d 413; *Allen v. Seay*, 248 N.C. 321, 103 S.E. 2d 332; *Jennings v. Morehead City*, 226 N.C. 606, 39 S.E. 2d 610.

The courts will not deem the statute of limitations pleaded in behalf of minors in the absence of an actual plea thereof by the guardian *ad litem* appointed to represent them. "Apparently, the only case in which the objection may be taken when not pleaded is the case of an insane person where the statute provides that he shall be given the benefit of all defenses, whether pleaded or not, and this includes the

statute of limitations." 1 McIntosh, North Carolina Practice and Procedure (2d Ed.) s. 374, p. 231. See G.S. 1-16.

The judgment below is vacated, and the cause is remanded that judgment be entered in accordance with the verdict and this opinion. When judgment is accordingly entered, respondents may appeal therefrom if so advised.

One thing more. Judge Morris set aside the consent judgment for cause — lack of consent by Annabelle. The order purported to set the judgment aside only as to Annabelle. Petitioner contends that it is valid and binding as to the other consenting parties. But this is not the correct interpretation of the law. "Where parties solemnly consent that a certain judgment shall be entered on the record, it cannot be changed or altered, or set aside without the consent of the parties to it, unless it appears, upon proper allegation and proof and a finding of the court, that it was obtained by fraud or mutual mistake, or that consent was not in fact given. . . ." *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955; *Boucher v. Trust Co.,* 211 N.C. 377, 190 S.E. 226. "The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement of the parties and promulgates it as a judgment." *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794; *King v. King,* 225 N.C. 639, 35 S.E. 2d 893. A consent judgment rendered without the consent of a party will be held inoperative in its entirety. *Lynch v. Loftin,* 153 N.C. 270, 69 S.E. 143. When a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the cause. And when the question is raised, the court, upon motion, will determine the question. The findings of fact made by the trial judge in making such determination, where there is some supporting evidence, are final and binding on this Court. *Ledford v. Ledford, supra.* When a purported consent judgment is void for want of consent of one of the parties, such party is not required to show a meritorius defense in order to vacate the void judgment. *Owens v. Voncannon,* 251 N.C. 351, 111 S.E. 2d 700. "It is a general rule that in a case where a consent judgment may be set aside for cause, it must be set aside in its entirety." 30A Am. Jur., Judgments, s. 639, p. 612; 139 A.L.R. 421, 443; *Walker v. Walker,* 185 N.C. 380 117 S.E. 167; *Edwards v. Sutton,* 185 N.C. 102, 116 S.E. 163. The court has the power to set aside a consent judgment, as a whole, but not to eliminate from it that part which affects some of the parties only. The agreements of the parties are reciprocal, and each is the consideration for the other. If that which affects one party is taken out, what is left is not what

was agreed to by the others. *Bank v. McEwen*, 160 N.C. 414, 76 S.E. 222, Ann. Cas. 191 4c 542. Respondents are entitled to an order setting aside the consent judgment in its entirety.

Error and remanded.