**HILL v. HILL**

[97 N.C. App. 499 (1990)]

No error.

Judges PARKER and COZORT concur.

---

CLAYTON E. HILL v. LINDA L. HILL

No. 8917DC947

(Filed 6 March 1990)

**Judgments § 21.1 (NCI3d) — distribution of marital assets — consent judgment — lack of consent — judgment void**

A consent judgment entered into by the parties for distribution of their marital assets was void, and the trial court erred in denying plaintiff's motion to be relieved from the judgment where plaintiff was not present or represented by counsel when the judge signed the consent judgment; the court had earlier signed an order allowing plaintiff's counsel to withdraw; in the motion filed by the attorney to be allowed to withdraw, he stated that plaintiff failed to understand his responsibilities in the lawsuit and was unwilling to have the court adjudicate the issue of equitable distribution; the judgment was signed by plaintiff and his attorney before it was sent to defendant's attorney, who made some alterations with defendant's approval but not with plaintiff's; and these circumstances were clearly sufficient to put the judge on notice that plaintiff's consent did not exist at the time the court approved the agreement of the parties and promulgated it as a judgment.

**Am Jur 2d, Judgments § 1083.**

APPEAL by plaintiff from *Martin (Jerry Cash), Judge*. Judgment entered 24 April 1989 in District Court, SURRY County. Heard in the Court of Appeals 16 February 1990.

The underlying civil action in this case is one for divorce and equitable distribution, during the course of which plaintiff has employed three different attorneys. A consent judgment was entered on 13 February 1989 and plaintiff has appealed from the denial of his motion to set it aside.

The record discloses that plaintiff, through his first attorney, filed a complaint for divorce based on one year's separation on 1 August 1988. Defendant answered and asserted a claim for equitable distribution. Judgment of divorce was entered on 26 September 1988, by which time plaintiff had retained a second attorney. The equitable distribution issue was retained for further proceedings.

Through counsel, plaintiff and defendant attempted to negotiate a property settlement, and in November 1988, plaintiff's attorney advised the court that an agreement had been reached. In January of 1989, the agreement was prepared, signed by plaintiff and his attorney, Carroll F. Gardner, and sent to defendant's attorney, Anne Rhys Long. She and defendant consented to the proposed judgment; however, some changes were made in the proposed consent judgment by deleting therefrom some of the personal property involved in the settlement. On 3 February 1989, plaintiff requested a final bill from Mr. Gardner, and on 8 February 1989, Mr. Gardner filed a motion to be permitted to withdraw as plaintiff's counsel. On the same day, Judge Clarence Carter allowed Mr. Gardner's motion to withdraw as plaintiff's counsel.

On 13 February 1989, the purported consent judgment was tendered to the court. Relying on the signatures on the agreement, the court signed and entered the consent judgment on 13 February 1989. On 21 February 1989, plaintiff through his third attorney moved to be relieved from the consent judgment. On 24 April 1989, the court made findings of fact and concluded:

That the Consent Judgment should not be set aside by reason of mistake, inadvertence, surprise or excusable neglect pursuant to Rule 60(b)(1) of the North Carolina Rules of Civil Procedure.

Plaintiff's Rule 60(b) motion was therefore denied, and plaintiff appealed.

*Terry L. Collins and Larry Bowman for plaintiff, appellant.*

*Long & Long, by Anne Rhys Long, for defendant, appellee.*

HEDRICK, Chief Judge.

On appeal, plaintiff argues Judge Martin erred in denying his motion to be relieved from the "consent judgment." We agree.

The authority of a court to sign and enter a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement of the parties and promulgates it as a judgment. *Lynch v. Lynch*, 74 N.C. App. 540, 329 S.E.2d 415 (1985); *Overton v. Overton*, 259 N.C. 31, 129 S.E.2d 593 (1963). In *Wachovia Bank v. Bounous*, 53 N.C. App. 700, 706, 281 S.E.2d 712, 715 (1981), we said:

> We believe that it is beyond question that, absent any circumstances to put the court on notice that one of the parties does not actually consent thereto, a judge may properly rely upon the signatures of the parties as evidence of consent to a judgment.

In the present case, the record is replete with evidence of circumstances which should have put the court on notice that it could not rely on the signatures of plaintiff and his attorney, Carroll F. Gardner, as evidence that plaintiff did in fact consent to the judgment the court signed on 13 February 1989. Plaintiff was not present, nor was he represented by counsel when the judge signed the consent judgment. The court had earlier signed an order allowing plaintiff's counsel to withdraw. In the motion filed by Mr. Gardner to be allowed to withdraw as counsel for plaintiff appears the following statement: ". . . [T]he plaintiff fails to understand and to appreciate his responsibilities to the lawsuit instituted by him and is unwilling to have the court adjudicate the issue of equitable distribution."

The court was surely aware of the fact that plaintiff did not wish to have the court enter the consent judgment settling the equitable distribution claim. The proposed consent judgment does not indicate when plaintiff and Mr. Gardner signed the same, but the record does disclose that it had been signed by plaintiff and Mr. Gardner before it was sent to defendant's attorney. While it was in the hands of defendant's attorney, the proposed consent judgment was altered by defendant's attorney with defendant's approval. The record, likewise, discloses that plaintiff did not approve these changes.

These circumstances were clearly sufficient to put the judge on notice that plaintiff's consent did not exist at the time the court "approved the agreement of the parties and promulgated it as a judgment." Thus, the proposed consent judgment is void,

and the cause will be remanded to the District Court, Surry County, for the entry of an order vacating the proposed consent judgment entered on 13 February 1989, and for an order for further proceedings in the district court with respect to the claim for equitable distribution.

Reversed and remanded.

Judges COZORT and LEWIS concur.