## IN RE ESTATE OF CLINE

[103 N.C. App. 83 (1991)]

---

IN THE MATTER OF THE ESTATE OF HAZEL CLINE, JR., DECEDENT

No. 9028SC1077

(Filed 21 May 1991)

**Husband and Wife § 2.1 (NCI3d) — antenuptial agreement — all claims to property relinquished — widow not entitled to year's allowance on life estate in marital home**

Plaintiff widow was barred from recovering a year's allowance and from receiving a life estate in the marital home by her antenuptial agreement which relinquished all claim to any property of her husband.

IN RE ESTATE OF CLINE

[103 N.C. App. 83 (1991)]

**Am Jur 2d, Husband and Wife § 277.**

**Waiver of right to widow's allowance by antenuptial agreement. 30 ALR3d 858.**

**Operation and effect of antenuptial agreements to waive or bar surviving spouse's right to probate homestead or surviving family's similar homestead right or exemption. 65 ALR2d 727.**

APPEAL by executor from *Burroughs (Robert M.), Judge.* Judgment entered 12 June 1990 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 10 April 1991.

This is a civil proceeding wherein plaintiff, widow of Hazel Cline, Jr., deceased, sought spousal support from the guardian of her incompetent husband and a surviving spouse's year's allowance pursuant to G.S. 30-15 from the executor of her husband's estate after his death.

On 12 June 1990, Superior Court Judge Robert Burroughs made detailed findings of fact and conclusions of law and ordered that Mrs. Cline receive $4,121.00 in spousal support during her husband's previous incompetency, $5,000.00 as her year's allowance, and that she be allowed to remain in residence in the marital home rent free during her lifetime. Defendant, executor of the estate, appealed.

*Devere C. Lentz & Associates, by John M. Olesiuk, for executor, appellant.*

*Gum & Hillier, by Ingrid Friesen, for widow, appellee.*

HEDRICK, Chief Judge.

No question is raised on appeal regarding that portion of Judge Burroughs' order pertaining to spousal support during the decedent's previous period of incompetency. Thus, that portion of the order will be affirmed.

Defendant contends the trial court erred in concluding that the antenuptial agreement did not bar plaintiff from receiving a year's allowance pursuant to G.S. 30-15. Defendant also contends the trial court erred in allotting plaintiff a life estate in the marital home since the antenuptial agreement would bar such an award.

## IN RE ESTATE OF CLINE

[103 N.C. App. 83 (1991)]

Prior to their marriage, Hazel Cline, Jr., and Mildred Irene Smith entered into an agreement whereby each reciprocally released, renounced and quitclaimed any interest acquired by virtue of the marriage in and to any real or personal property then owned or thereafter acquired, and specifically renounced and disclaimed any right to inherit or participate in the distribution of any real and personal property of the other spouse.

Our Supreme Court has held that a widow is barred from recovering a year's allowance by an antenuptial agreement relinquishing all claim to any property of her husband. *Perkins v. Brinkley*, 133 N.C. 86, 45 S.E. 465 (1903). Plaintiff in the case at bar argues that the discussion in *Perkins* of the premarital agreement's effect on the year's allowance was mere *dicta*. That argument is not persuasive.

We hold *Perkins* is controlling. The record discloses that the antenuptial agreement released the estate from any claims by plaintiff as wife or widow of Hazel Cline, and shows that she had no claim to any property of the decedent or his estate, except for the award of spousal support during Mr. Cline's incompetency.

Thus, that portion of the judgment awarding plaintiff a year's allowance of $5,000.00 and awarding her a life estate in the marital home will be vacated. That portion of the judgment awarding plaintiff spousal support during Mr. Cline's incompetency up to the date of his death will be affirmed.

Vacated in part; affirmed in part.

Judges WELLS and EAGLES concur.