NAOMI McMILLAN LEDFORD v. HOLLY LEDFORD; J. FLAY LEDFORD AND WIFE, MARGARET W. LEDFORD; LOUISE LEDFORD WYATT AND HUSBAND, GUY E. WYATT; MARY GRACE LEDFORD HEMBY AND HUSBAND, FRANK H. HEMBY; HELEN BRUCE LEDFORD GRUBB AND HUSBAND, JACK GRUBB; SAM M. LEDFORD AND WIFE, CAROL LEDFORD; SARA BESS LEDFORD ORMAND AND HUSBAND, JACK ORMAND; AND A. B. LEDFORD.

(Filed 20 October, 1948.)

**1. Judgments § 4—**

The law will presume that a consent judgment duly entered of record is regular and that the attorney who signed it acted in good faith under authority from his client.

**2. Same—**

A consent judgment cannot be modified or set aside without the consent of the parties except for fraud or mutual mistake, or actual absence of consent.

**3. Judgments §1—**

Consent of the parties is prerequisite to the power of the court to sign a consent judgment, and if such consent does not exist at the time the court sanctions or approves the agreement, the judgment is void.

**4. Judgments § 4—**

The proper procedure to attack a consent judgment on the ground of want of consent at the time it was entered is by motion in the cause.

**5. Same—**

The question presented by a motion to set aside a consent judgment on the ground that movent did not consent thereto at the time it was entered is for the determination of the court, and the court is the sole judge of the weight and credibility of the evidence, and his findings are conclusive and not reviewable when supported by the evidence.

**6. Appeal and Error § 40d—**

The finding by the trial court that movent's attorney was authorized to sign the consent judgment, *held* supported by the evidence, and is conclusive on appeal.

**7. Judgments § 4—**

Inadequacy of the consideration for the signing of a consent judgment is alone insufficient to overthrow the consent judgment on the ground of fraud or mutual mistake.

APPEAL by petitioner from *Pless, Jr., J.,* July-August Term, 1948, of CLEVELAND.

Proceeding for the allotment of dower to petitioner as widow of J. F. Ledford, deceased, she having dissented from his last will and testament, —heard upon her motion in the cause to set aside a judgment entered in proceeding, on 27 October, 1947, signd by consent of her attorney, Peyton McSwain, by the terms of which it appears that the parties agreed upon a settlement and compromise of their differences,—whereby petitioner agreed to accept the sum of $15,000 in cash in settlement of all her rights of dower, and to distributive share in the personalty, in and to the estate of her deceased husband, J. F. Ledford, and to execute a deed releasing and relinquishing to executors and heirs at law and devisees of J. F. Ledford all her right, title and interest in and to his estate.

The grounds, upon which the motion to set aside the judgment is based, in general, are these: That the judgment (1) is void in that the petitioner did not consent thereto; (2) is voidable and irregular in that

it was entered contrary to the course and practice of the court; and (3) is inequitable, unfair, a gross injustice, and totally inconsistent with the established and admitted rights of petitioner.

The court, upon consideration of the motion, affidavits, and argument of counsel for petitioner, found facts, substantially these: That negotiations between attorneys for the parties extending over a substantial period of time, resulted in an offer by the heirs to pay to petitioner the sum of $15,000 in settlement of her claim to dower and of her distributive share in the estate; that the offer was discussed by petitioner and her attorney, Peyton McSwain, and after several days consideration her said attorney signed the consent judgment, and that on the following day she executed a deed which recites a compromise in effect in keeping with the terms of the offer, and received the executors' check for $15,000; that petitioner was fully apprised of her claims being settled for said amount; that there was no fraud or duress produced upon her by defendants, or by her attorney; that her said attorney was authorized to sign the consent judgment, and petitioner ratified it by executing the deed and accepting the check.

Whereupon, the court held as a matter of law that petitioner is not entitled to the relief sought, and, therefore, denied the motion to set aside the consent judgment.

Petitioner appeals therefrom to Supreme Court and assigns error.

*Womble, Carlyle, Martin & Sandridge and John H. Small for plaintiff, appellant.*

*Falls & Falls for defendants, appellees.*

WINBORNE, J.   The first two grounds upon which petitioner bases her motion in the cause to set aside the consent judgment entered in the present proceeding appear to be predicated upon her contention that she had not authorized her attorney to sign such judgment.

In this connection, "A judgment entered of record, whether in *invitum* or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client, and not to have betrayed his confidence or to have sacrificed his right. The law does not presume that a wrong has been done. It would greatly impair the integrity of judgments and destroy the faith of the public in them if the principles were different," *Walker, J.,* in *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955.

Moreover, it is a general rule of law that a judgment entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot be subsequently modified or set aside without the assent of the parties, in

the absence of fraud or mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding. See, among other cases, *Gardiner v. May, supra; Keen v. Parker,* 217 N. C., 378, 8 S. E. (2d), 209; *Rodriguez v. Rodriguez,* 224 N. C., 275, 29 S. E. (2d), 901; *Williamson v. Williamson,* 224 N. C., 474, 31 S. E. (2d), 367; *King v. King,* 225 N. C., 639, 35 S. E. (2d), 893; *Lee v. Rhodes,* 227 N. C., 240, 41 S. E. (2d), 747; *McRary v. McRary,* 228 N. C., 714, 47 S. E. (2d), 27; and for over-all annotation see 139 A. L. R., 421, on subject, "Power to open or modify consent judgment."

The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement of the parties and promulgates it as a judgment. *King v. King, supra; Williamson v. Williamson, supra; Rodriguez v. Rodriguez, supra; McRary v. McRary, supra.*

"When a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the cause," *King v. King, supra,* and cases cited. And when the question is raised as to whether a party to an action consented to a judgment, the court, upon motion, will determine the question. *King v. King, supra.* The findings of fact made by the trial judge in making such determination, where there is some supporting evidence, are final and binding on this court. See *Lumber Co. v. Cottingham,* 173 N. C., 323, 92 S. E., 9; *Alston v. R. R.,* 207 N. C., 114, 176 S. E., 292. He is the sole judge of the weight and credibility of the evidence, and his findings thereon are conclusive and are not reviewable by this Court. *Creed v. Marshall,* 160 N. C., 394, 76 S. E., 270.

Applying these principles, the finding of fact by the trial judge that petitioner's attorney was authorized to sign the consent judgment is conclusive, and is not subject to review on this appeal, if there be evidence to support it. And a careful consideration of the evidence before the trial judge, as shown by the record on this appeal, reveals support for such finding.

Next, as to third ground upon which the motion is based:

If the consideration upon which petitioner relinquished her dower right, and right to distributive share be inadequate, that alone will not suffice to overthrow the consent judgment. For analogous case see *Watkins v. Grier,* 224 N. C., 339, 30 S. E. (2d), 223.

Careful review of the record in respect to the questions raised, fails to disclose reversible error.

Affirmed.