WILLIAM T. BUIE AND WIFE, MARTHA BUIE; BENNIE ROGERS AND WIFE, JACQUELINE ROGERS; RICHARD L. HALL, JR. AND WIFE, LOIS HALL; C. KENNETH WOOD AND WIFE, SYLVIA M. WOOD; RALPH HULLENDER AND WIFE, GERALDINE HULLENDER; JOE MONTGOMERY AND WIFE, CORNELIA MONTGOMERY; BESS S. WAMPLER; AND MICHAEL H. CORNETTE AND WIFE, LINDA D. CORNETTE v. RICHARD C. JOHNSTON

No. 8018SC1091

(Filed 7 July 1981)

**Deeds § 20.7— restrictive covenant in subdivision—removal of incomplete foundation**

In plaintiffs' action to enjoin defendant from violating the restrictive covenant applicable to lots in a subdivision, the trial court erred in refusing to grant a mandatory injunction requiring defendant to remove the existing incomplete foundation of a residence after the court properly entered an order permanently enjoining defendant from constructing the residence.

Buie v. Johnston

APPEAL by plaintiffs from *Washington, Judge.* Judgment entered 25 July 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 May 1981.

Plaintiffs instituted this action on 17 August 1979 to enjoin defendant from violating the restrictive covenants applicable to lots in Northview Heights, Wheeler Subdivision, a residential subdivision in High Point, North Carolina. The complaint alleges the following. Plaintiffs own residences on lots within the subdivision, and defendant owns five lots within the subdivision. Defendant and his former wife acquired these lots by deed in August 1965. They deeded the lots to a trustee in November 1969, and the trustee conveyed the lots to defendant in his name alone in September 1970. Defendant's lots are subject to the same restrictive covenants applicable to all subdivision lots. One of these restrictive covenants provides that no residence shall be built upon less than a minimum of four lots as set out in the plat of the subdivision. The original developers, L. F. and Vera Wheeler, desired to develop a subdivision for residential purposes only and imposed the restrictive covenants as a general plan of development to preserve the value of the residences to be constructed. Defendant obtained building permits to construct two residences upon his five lots in July 1978. Plaintiffs advised defendant of the restrictive covenant, and defendant built only one residence. Around the first of August 1979 defendant commenced construction of the second residence and continued construction despite plaintiffs' protests. Finally, the complaint alleges that construction of the second residence by defendant will diminish the value of all residences in the subdivision, will change the character of the neighborhood, and will effectively circumvent the restrictive covenants.

Hearings were held to consider plaintiffs' request for a preliminary injunction; however, defense counsel stipulated that defendant would refrain from further construction while the case was pending, and no preliminary injunction was ever issued. Defendant answered the complaint.

Plaintiffs moved for summary judgment, and a hearing was held. Plaintiffs submitted various affidavits and exhibits tending to support the allegations of their complaint. Defendant introduced pictures of the foundation of the second residence and the

plans for it. He was allowed to testify at the hearing, and he stated that he knew of the restrictive covenants but that he thought he nonetheless had authority to build two residences on his lots since the City had issued building permits. He further testified that he "thought the restrictions did not count since the property was not in the City of High Point when I first bought it" and that he "felt that the restrictions ran out in 20 years."

The trial court allowed summary judgment permanently enjoining the defendant from construction of the second residence. The trial court specifically refused to grant a mandatory injunction requiring defendant to remove the existing incomplete construction of the second residence. Both plaintiffs and defendant gave notice of appeal, but only plaintiffs have perfected appeal.

*Boyan and Loadholt, by Clarence C. Boyan, for plaintiff appellants.*

*No appearance for defendant appellee.*

BECTON, Judge.

By their sole assignment of error, plaintiffs contend that the trial court erred by refusing to grant a mandatory injunction requiring the defendant to remove the existing incomplete foundation. We agree.

We find *Ingle v. Stubbins*, 240 N.C. 382, 82 S.E. 2d 388 (1954), controlling. *Ingle* was also an action to enjoin a defendant from violating restrictive covenants of a residential subdivision. The covenant at issue therein provided that no building should be located nearer than 50 feet from the front line of the subdivision lots. Lots 10 and 11 faced Bueno Street or Wildwood Lane at its intersection with Plaid Street. These two lots were re-subdivided into three lots facing Plaid Street. Stubbins owned the re-subdivided lot at the intersection, and he began construction of a dwelling on his part of lot 11 that was less than 50 feet from Bueno Street and Wildwood Lane. While plaintiffs' action against him was pending, he completed this dwelling and completed the foundation for another dwelling on his part of lot 10 that was also less than 50 feet from Bueno Street or Wildwood Lane. The trial court ruled that, notwithstanding the re-subdividing of lots 10 and 11, defendant was in violation of the 50-foot minimum setback

restriction. The trial court held that the plaintiffs were entitled to damages, but not to relief by means of a mandatory injunction. Both defendant and plaintiffs appealed. As to defendant's appeal, the Supreme Court affirmed. As to plaintiffs' appeal, the Supreme Court wrote:

> the defendant acquired the property with notice of the restrictions imposed upon lots 10 and 11 as originally platted. His attention was directed to these restrictions when he applied to the city for a building permit, and such permit was granted subject to the restrictive covenants. When he began the erection of building, plaintiffs sought in this action to enjoin him from proceeding. The court granted a temporary injunction which he obeyed. But when the plaintiffs could not furnish the bond required as condition for continuance of the injunction, defendant proceeded to take his chances as to the effect of his conduct upon plaintiffs' rights. Speaking to a like factual situation the Massachusetts Supreme Judicial Court in *Sterling Realty Co. v. Tredennick*, 162 A.L.R. 1095, 64 N.E. 2d 921 [1946], declared: "Upon similar facts it has been the practice of the courts to grant a mandatory injunction." While this statement of the principle is not binding on this Court, it is here appropriate, and is most persuasive. Hence, this Court holds that plaintiffs are entitled to mandatory injunction to require defendant to remove the building so that it shall not be nearer than fifty feet to Bueno Street or Wildwood Lane. Moreover, mandatory injunction is appropriate to prevent further construction of the building, foundation for which it appears has been laid by defendant.

240 N.C. at 391, 82 S.E. 2d at 395-96. *Accord, Currin v. Smith*, 270 N.C. 108, 153 S.E. 2d 821 (1967). *See* 20 Am. Jur. 2d, *Covenants, Conditions, and Restrictions* § 328 (1965).

In the present case the defendant acquired his lots with notice of the restrictive covenants. He was reminded of the particular restriction at issue when he first undertook construction of two residences on his lots. Defendant nonetheless commenced construction of the second residence. We find no genuine issue of material fact as to the mandatory injunctive relief sought. Defendant cannot rely upon the City's issuance of building permits to him, since zoning ordinances do not diminish the effect of more

stringent private restrictive covenants. *See Tull v. Doctors Building, Inc.,* 255 N.C. 23, 120 S.E. 2d 817 (1961); *Mills v. Enterprises, Inc.,* 36 N.C. App. 410, 244 S.E. 2d 469, *disc. rev. denied,* 295 N.C. 551, 248 S.E. 2d 727 (1978); 20 Am. Jur. 2d, *supra,* at § 277. Moreover, it is of no avail to the defendant that construction of the second residence is incomplete. The restrictive covenants are intended to preserve the value and character of the subdivision; and a useless, incomplete residential structure would be at least as detrimental to property values and the character of the neighborhood as a completed one. Although summary judgment is otherwise proper, the trial court erred in denying plaintiffs a mandatory injunction requiring the defendant to remove the existing incomplete construction of the second residence. The cause is remanded for further proceedings in accordance with this opinion.

Error and remanded.

Judge VAUGHN and Judge ARNOLD concur.