FRANCES H. ROSI AND HUSBAND, FRED D. ROSI v. MARY SHULL McCOY, GARLAND THOMAS McCOY, AND NAUTILUS HOMES, INC.

No. 851SC613

(Filed 4 February 1986)

Deeds §§ 20.2, 20.6 — subdivision restrictions — setback requirements — restrictions personal to developer

     In an action for an injunction requiring defendants to move an existing house so that it would comply with certain setback restrictions of a subdivision, the trial court erred in granting summary judgment for plaintiffs, since the developers of the subdivision reserved the right to amend or modify any of the restrictions where, in the sole opinion of the developers, such action was necessary or desirable; the restrictions pertaining to defendants' lot were thus personal to the grantor developers and plaintiffs therefore had neither the right nor the power to bring an action *inter se* to enforce the restrictions; plaintiffs agreed to accept their deed in the subdivision subject to the right of the developers to modify or amend any of the restrictions; this right appeared in the restrictions in unambiguous language; and the developers exercised that right and amended the restrictions on defendants' property.

APPEAL by defendants McCoy from *Watts, Judge*. Order entered 28 January 1985 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 21 November 1985.

Plaintiffs filed this action seeking an injunction requiring defendants to move an existing house so that it would comply with certain restrictions of the Whalehead Club Subdivision in Currituck County, North Carolina. Defendant Nautilus Homes, Inc. constructed the house on Lot 10, Section 7 owned by defendants McCoy. This lot adjoins plaintiffs' Lot 11, Section 7 within the subdivision. Both lots are subject to restrictions contained in Book 116, page 422, Currituck County Registry.

Paragraph "FOURTH" of the restrictions reads:

No building or structure, including porches, shall be erected on residential lots, sections . . . 7, . . . nearer than 20 (twenty) feet to the front or side street line nor nearer than 15 feet to any interior side lot line, nor nearer than 30 feet to the rear lot line.

Paragraph "FIFTEENTH" of the restrictions provides:

The Developers, their successors or assigns, reserve the right to amend, modify or vacate any restriction herein contained whenever the circumstances, in the opinion of the Developers, their successors or assigns, warrant such amendment, modification or vacation as being necessary or desirable.

The house on the McCoys' lot is situated approximately 12.5 feet from the interior side boundary of the lot, and does not meet the required 15 foot minimum as indicated in Paragraph "FOURTH" of the restrictions. After suit was filed, defendants McCoy obtained an amendment and modification to the restrictions from the developers of the subdivision. The modification changed the "setback" requirement for the interior side boundary line from a minimum of 15 feet to a minimum of 12 feet for the McCoys' Lot 10.

All parties filed motions for summary judgment and the motions came on for hearing before the trial court. The motion for summary judgment by defendant Nautilus Homes, Inc. was granted and plaintiffs have not appealed. The trial court granted summary judgment for plaintiffs against defendants McCoy.

From the order granting summary judgment in favor of plaintiffs, defendants McCoy appeal to this Court.

*Trimpi, Thompson & Nash, by John G. Trimpi and Thomas P. Nash, IV, for plaintiff appellees.*

*Kellogg, White, Evans, Sharp & Michael, by Robert L. Outten; and John G. Gaw, Jr., for defendant appellants.*

ARNOLD, Judge.

Defendant appellants contend that the trial court erred in granting summary judgment in favor of plaintiffs because the restrictions pertaining to defendants' lot within the subdivision were personal to the grantor developers and therefore plaintiffs had neither the right nor the power to bring an action *inter se* to enforce the restrictions. We agree.

The general rule in North Carolina is that

> Where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions on its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, either on the theory that there is a mutuality of covenant and consideration, or on the ground that mutual negative equitable easements are created.

*Maples v. Horton,* 239 N.C. 394, 398, 80 S.E. 2d 38, 41 (1954). However, in this instance the developers reserved the right to amend or modify any of the restrictions where, in the sole opinion of the developers, such action was necessary or desirable. As stated in *Humphrey v. Beall,* 215 N.C. 15, 200 S.E. 918 (1939), this provision is notice to all grantees within the subdivision that, by gaining the consent of the developers, a grantee may place his building on any lot within the area without right of interference by the owner of any other lot. This right to change the restrictions on lots within the subdivision refutes the idea of a general plan for residential purposes to be exacted alike from all purchasers, and to be for the benefit of each purchaser. *Maples v. Horton,* 239 N.C. 394, 80 S.E. 2d 38 (1954); *Humphrey v. Beall,* 215 N.C. 15, 200 S.E. 918 (1939). *See also* Annot., 4 A.L.R. 3d 570 (1965). As a result, the restrictions are not enforceable except as personal covenants for the benefit of the developers. *Maples, supra.*

Plaintiffs seek to distinguish the case at bar from *Beall* and *Maples* by noting that the developers in this instance did not specifically reserve the right to sell the unsold lots without restrictions as did the grantors in *Beall* and *Maples*. However, we do not find that this reserved right as to unsold lots is essential to the conclusion that restrictions on the property are personal in nature. The fact that the developers may unilaterally act to modify, amend, or vacate any of the restrictions whenever the developers deem such action desirable is sufficient to find that the restrictions are personal to the developers. *See* Annot., 4 A.L.R. 3d 570 (1965). We also note that the developers' power to amend would seem broad enough to allow them to sell any unsold lots without restrictions. *Id.*

Finally, plaintiffs agreed to accept the deed subject to the right of the developers to modify or amend any of the restrictions. This right appeared in the restrictions in unambiguous language. The developers have exercised that right and have amended the restrictions on defendants' property. The rights of the parties must be determined by the agreement they voluntarily made, and plaintiffs cannot now be judicially relieved of an improvident bargain which provided for such amendments.

For the above reasons, we hold that plaintiffs do not have the power to bring an action *inter se* to enforce the property restrictions. The judgment of the trial court is reversed, and the cause is remanded to the Superior Court of Currituck County for entry of summary judgment in defendants' favor.

Reversed and remanded.

Judges WELLS and PARKER concur.