JAMES W. CRABTREE v. DORIS S. JONES

No. 9226SC1134

(Filed 2 November 1993)

**1. Deeds § 78 (NCI4th)— restrictive covenants—enforceability inter se**

Although restrictive covenants were subject to amendment at any time by written agreement of the grantor and the owner(s) of any lot(s) to which the covenants applied, the restrictive covenants were enforceable *inter se*, that is, by one lot owner against another lot owner, where a statement in the covenants that the restrictions could be enforced by "any lot owner or owners" makes plain the intent of the grantor that the covenants were enforceable *inter se*.

**Am Jur 2d, Covenants, Conditions, and Restrictions §§ 277, 297.**

**2. Deeds § 60 (NCI4th)— restrictive covenant—violation—effect of city zoning ordinance**

The trial court erred in refusing to grant summary judgment in plaintiff's favor where it was undisputed that defend-

ant constructed a second building on her lot in violation of restrictive covenants, and the second building, though it may have been permissible under city zoning laws as an accessory structure, was nevertheless a violation, since zoning ordinances do not diminish the effect of more stringent private restrictive covenants.

**Am Jur 2d, Covenants, Conditions, and Restrictions §§ 277, 297.**

Appeal by plaintiff from judgment entered 6 August 1992 by Judge Charles C. Lamm, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 October 1993.

Plaintiff filed this action on 16 April 1992, to enforce a restrictive covenant against the defendant and enjoin her from completing the construction of a pool house on her property across the street from plaintiff. Superior Court Judge Claude S. Sitton issued a preliminary injunction on 20 May 1992. Both parties moved for summary judgment and after a hearing, the trial court entered an order denying plaintiff's motion, dissolving the injunction and granting defendant summary judgment on the ground that plaintiff was not entitled to enforce any provision of the restrictive covenants against defendant. From this order, plaintiff appeals.

*Smathers & Thompson, by James W. Crabtree, for plaintiff-appellant.*

*Weinstein & Sturges, P.A., by Thomas D. Myrick and James N. Freeman, Jr., for defendant-appellee.*

McCRODDEN, Judge.

The issue underlying the trial court's grant of summary judgment is whether the restrictive covenant agreement on the subject property is enforceable *inter se, i.e.,* whether one lot owner may enforce it as against another lot owner.

Plaintiff and defendant own houses in the residential development known as Carmel Estates East in Charlotte, North Carolina. The parties' lots are two of 47 in that subdivision which are subject to a restrictive covenant agreement recorded on 13 March 1962 (the Agreement). The Agreement provides, among other things:

1. All lots shall be used for residential purposes only and no building shall be erected, placed or permitted to remain on any lot other than one single family dwelling not to exceed two (2) stories in height above ground and a private garage or carport for not more than three cars.

. . . .

3. No dwelling erected on any lot shall cost less than $25,000.00 based upon costs prevailing on the date these covenants are recorded . . . .

4. The enclosed and heated living area shall be not less than 2,000 square feet for the ground floor of a one-story dwelling, not less than 1,600 square feet for the ground floor of a story and a half dwelling or a split-level dwelling, not less than 1,200 square feet for the ground floor and 2,400 square feet total area for a two story dwelling. . . .

. . . .

16. These covenants are to run with the land and shall be binding on all parties and all persons claiming under them . . . .

17. These covenants may be enforced by [the grantor] or any lot owner or owners by proceedings at law or in equity against the person or persons violating or attempting to violate any covenant or covenants, either to restrain violation thereof or to recover damages.

. . . .

19. These Restrictive Covenants may be amended from time to time and minor violations thereof may be waived by written agreement of [the grantor] and the then owner or owners of any lot or lots to which said amendments or waivers, if any, shall apply.

---

[1] Plaintiff presents two arguments based upon two assignments of error. He first argues that the trial court erred in determining that these covenants were not enforceable *inter se*. The court based its conclusion upon "the law of North Carolina as enunciated by the Supreme Court and Court of Appeals in *Humphrey v. Beall*, 215 N.C. 15, 200 S.E. 918 (1939) and *Rosi v. McCoy*, 79 N.C. App. 311, 338 S.E.2d 792, *modified and aff'd*, 319 N.C. 589, 356 S.E.2d 568 (1987)." In this conclusion, the court erred.

In *Humphrey*, the Supreme Court considered a set of restrictive covenants that were subject to amendment at any time with the mutual consent of the grantor and the then land owner. The Court found that these restrictive covenants were not enforceable *inter se* because the provision allowing the covenants to be amended at any time showed that there was no mutuality of burdens and privileges and there was, therefore, no general plan or scheme of development. *Humphrey*, 215 N.C. at 18-19, 200 S.E. at 920.

Similarly in *Rosi*, the Court of Appeals held that the reservation of the right to amend the restrictive covenants belied the existence of a general plan or scheme of development and rendered the covenants unenforceable except as personal covenants for the benefit of the grantor. 79 N.C. App. at 313, 338 S.E.2d at 794.

Both *Rosi* and *Humphrey*, however, are inapposite. Our Supreme Court recently presented a thorough review and analysis of the law of real covenants and equitable servitudes in *Runyon v. Paley*, 331 N.C. 293, 416 S.E.2d 177 (1992). As stated in *Runyon*, in order to enforce a restrictive covenant in equity, a plaintiff must show that the original covenanting parties intended that the covenant bind the party against whom enforcement is sought. 331 N.C. at 311, 416 S.E.2d at 190. If the plaintiff was not a party to the original covenant, he must show that the covenanting parties intended that he be able to enforce the restrictions. *Id.* To do so, he must present evidence that the covenanting parties intended that he personally benefit from the restrictions, or that the covenanting parties intended that the restrictions benefit land in which the plaintiff holds a present interest. *Id.* "The latter may be shown by evidence of a common scheme of development . . . *or* of an express statement of intent to benefit property owned by the party seeking enforcement, *e.g.*, *Lamica v. Gerdes*, 270 N.C. 85, 153 S.E.2d 814 (1967)." *Runyon*, 331 N.C. at 311-12, 416 S.E.2d at 190 (citations omitted) (emphasis added). A party seeking to enforce a covenant must show a general scheme of development only when the intent of the covenanting parties is unclear. *See Lamica*, 270 N.C. at 90, 153 S.E.2d at 818.

In this case there was clear evidence of the grantor's intent that the plaintiff's land be benefitted. The statement in the covenants that the restrictions may be enforced by "any lot owner or owners" makes plain the grantor's intent that plaintiff's land be benefitted. When a set of restrictive covenants contains such a clear statement

of the covenantors' intent that the covenants be enforceable *inter se*, we need not reach the issue of whether there was a general scheme of development. Plaintiff, like any other lot owner in the development, is entitled to enforce the restrictive covenants against defendant. Accordingly, we hold that the trial court erred in granting defendant's motion for summary judgment.

[2] Second, plaintiff argues that the trial court erred in dissolving the preliminary injunction and in failing to grant summary judgment in plaintiff's favor and to issue a mandatory permanent injunction requiring the defendant to remove the pool house. Plaintiff asserts that it is undisputed that defendant constructed a second building on her lot in violation of the restrictive covenants. We agree with plaintiff that the trial court should have granted summary judgment in his favor, but we decline to determine the propriety of an injunction.

It is undisputed that defendant constructed a building containing a bedroom, bathroom and kitchen on her lot. Defendant purportedly constructed the pool house as elderly housing, permissible under Charlotte zoning laws as an accessory structure. "[Z]oning ordinances [however] do not diminish the effect of more stringent private restrictive covenants." *Buie v. Johnston*, 53 N.C. App. 97, 100-01, 280 S.E.2d 1, 3 (1981). Defendant built the pool house, a dwelling, in clear violation of the first covenant, allowing only one single-family dwelling on any lot. We hold that the trial court erred in refusing to grant summary judgment in plaintiff's favor.

Plaintiff's further argument, that the trial court erred in not awarding him a mandatory injunction, is not, however, compelling. The trial court, having found that the covenants were not enforceable *inter se*, did not reach the issue of whether a mandatory injunction was appropriate.

A mandatory injunction may be an appropriate remedy to compel the removal or modification of a building erected in violation of a restrictive covenant. *Buie v. Johnston*, 313 N.C. 586, 589, 330 S.E.2d 197, 198 (1985). The issuance of such an injunction, however, "depends upon the equities between the parties." *Ingle v. Stubbins*, 240 N.C. 382, 390, 82 S.E.2d 388, 395 (1954). We believe that such a balancing of equities is clearly within the province of the trial court. Since the trial court did not rule on the propriety of a mandatory injunction, we must remand the case for the court to exercise its discretion and make that determination. Accordingly,

we reverse the entry of summary judgment in favor of the defendant and remand the case for entry of judgment in plaintiff's favor, with instructions for the court below to fashion an appropriate remedy.

Reversed and remanded.

Judges Johnson and Cozort concur.