THOMAS HAMILTON MILNER, III, Plaintiff v. MOLLY KIRKPATRICK LITTLEJOHN, Defendant

No. COA96-698

(Filed 6 May 1997)

**1. Judgments § 131 (NCI4th)— consent judgment *nunc pro tunc*—timely objection to tentative agreement**

The trial court erred by entering a consent judgment *nunc pro tunc* where the parties signed a tentative agreement, the trial court allowed defendant until noon of the following day to raise any objections to the settlement, and before noon of the next day defendant filed with the court a list of objections to the tentative settlement.

**Am Jur 2d, Judgment §§ 209, 211, 212.**

**2. Divorce and Separation § 118 (NCI4th)— equitable distribution—leased vehicle—gift—purchase finalization not required**

The trial court in an equitable distribution proceeding did not err in denying defendant's motion that plaintiff make a lump sum payment to finalize the purchase of a leased vehicle that plaintiff had given defendant as a gift where plaintiff had never contracted to purchase the vehicle.

**Am Jur 2d, Divorce and Separation §§ 878, 885.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Appeal by defendant from order entered 19 May 1994, *nunc pro tunc* 17 May 1994 and judgment entered 17 January 1996, *nunc pro tunc* 14 November 1995 by Judge William B. Reingold in Forsyth County District Court. Heard in the Court of Appeals 24 February 1997.

*Edward P. Hausle, P.A., by Edward P. Hausle; and Morrow, Alexander, Tash & Long, by Gary B. Tash, for plaintiff-appellee.*

*David B. Hough for defendant-appellant.*

TIMMONS-GOODSON, Judge.

On 11 May 1993, plaintiff Thomas Hamilton Milner, III instituted this action seeking an absolute divorce, and equitable distribution of the marital property of the parties and an interim allocation of a portion of that marital property. Defendant Molly Kirkpatrick Littlejohn subsequently filed an answer and counterclaim seeking in part, equitable distribution of the parties' marital property, alimony *pendente lite,* permanent alimony and the interim allocation of a portion of the parties' marital property.

Plaintiff was granted an absolute divorce from defendant on 27 May 1993. Further, on 30 June 1993, an order was entered addressing both parties' requests for interim allocation of the marital property. Plaintiff was granted possession and the right to sell the former marital residence, and permission to withdraw a portion of his separate retirement benefits. Defendant was granted possession of a automobile (previously given to her by plaintiff as a birthday present); and plaintiff was ordered to continue to make lease payments on the vehicle, subject to an appropriate credit when a final equitable distri-

bution judgment was entered. Both parties were enjoined from disposing of marital assets.

Plaintiff filed a reply to defendant's counterclaim on 13 July 1993, admitting defendant's entitlement to equitable distribution, and denying the substantive allegations concerning defendant's claim for alimony. In fact, plaintiff alleged condonation as a defense to the alimony claim.

On 23 March 1994, defendant filed a second motion for interim allocation of assets, seeking allocation of funds, securities, and retirement accounts; and this motion was subsequently denied. An order for alimony *pendente lite* was entered on 8 April 1994. Thereafter, on 6 May 1994, defendant filed a motion to finalize gift, requesting that the court deem the automobile given to her by plaintiff on her birthday a gift. This motion was denied by order entered 19 May 1994.

The parties and the lower court executed a pre-trial order for the equitable distribution portion of the instant case on 3 November 1994. The matter came on for hearing on the issue of equitable distribution during the 13 November 1995 session of Forsyth County District Court. Prior to the hearing, the parties met for several hours and arrived at a tentative settlement of the remaining issues in the case.

On 14 November 1995, both parties announced in open court that a tentative settlement had been reached. A handwritten memorandum of judgment was signed by the parties, their attorneys, and the presiding judge. The trial court allowed defendant until noon of the succeeding day to further investigate the potential settlement and to raise any objections. Before noon of the next day, defendant filed with the court a list of objections to the memorandum of judgment. However, the trial court signed an order on 17 January 1996, *nunc pro tunc* to 14 November 1995, without any mention of defendant's objections. Defendant appeals.

[1] On appeal, defendant first argues that the trial court erred in entering a "consent judgment" without the consent of both parties. Defendant contends that this error is particularly egregious because the court had permitted her time to further investigate the matters included in the proposed settlement, so as to determine whether or not she would enter into a final settlement; and upon entry of those objections, the trial court ignored her objections and entered the consent judgment.

MILNER v. LITTLEJOHN

[126 N.C. App. 184 (1997)]

A consent judgment is a contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. *Walton v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996) (citing *Yount v. Lowe*, 288 N.C. 90, 215 S.E.2d 563 (1975)). It is well-settled that " '[t]he power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment.' " *Brundage v. Foye*, 118 N.C. App. 138, 140, 454 S.E.2d 669, 670 (1995) (quoting *King v. King*, 225 N.C. 639, 641, 35 S.E.2d 893, 895 (1945); citing *Ledford v. Ledford*, 229 N.C. 373, 376, 49 S.E.2d 794, 796 (1948); *Lee v. Rhodes*, 227 N.C. 240, 242, 41 S.E.2d 747, 748 (1947); *Highway Comm. v. Rowson*, 5 N.C. App. 629, 631-32, 169 S.E.2d 132, 134 (1969)). "[A] consent judgment is void if a party withdraws consent before the judgment is entered." *In re Estate of Peebles*, 118 N.C. App. 296, 298, 454 S.E.2d 854, 856 (1995) (citing *Briar Metal Products v. Smith*, 64 N.C. App. 173, 176, 306 S.E.2d 553, 555 (1983)). If a consent judgment is set aside, it must be set aside in its entirety. *Overton v. Overton*, 295 N.C. 31, 37, 129 S.E.2d 593, 598 (1963), *quoted in Brundage*, 118 N.C. App. at 141, 454 S.E.2d at 670. The person who challenges the validity of a consent judgment, bears the burden of proof to show that it is invalid. *In re Johnson*, 277 N.C. 688, 696, 178 S.E.2d 470, 475 (1971)).

In the instant case, it is uncontroverted that before judgment was entered defendant, through counsel, filed, on 15 November 1995, objections to the tentative ageement signed the previous day. As such, the judgment entered 17 January 1996, *nunc pro tunc* 14 November 1995 is void, and must be set aside.

[2] Defendant also argues that the trial court erred (1) in failing to conduct a full hearing as to her motion to finalize gift; and (2) in holding that the birthday gift presented to her by plaintiff at her birthday party was not actually a gift because plaintiff had elected to finance the gift through a lease-purchase agreement.

"[A] gift is a 'voluntary transfer of property by one to another without any consideration therefor.' " *Stone v. Lynch, Sec. of Revenue*, 312 N.C. 739, 743, 325 S.E.2d 230, 233 (1985). This Court in *Courts v. Annie Penn Memorial Hospital*, 111 N.C. App. 134, 431 S.E.2d 864 (1993), stated:

In order to constitute a valid gift, there must be present two essential elements: 1) donative intent; and 2) actual or construc-

tive delivery. These two elements act in concert, as the present intention to make a gift must be accompanied by the delivery, which delivery *must divest the donor of all right, title, and control over the property given.*

*Id.* at 138, 431 S.E.2d at 866 (citations omitted and emphasis added). It is well-settled that the tranferor may give the transferee no more than he himself possesses. *See Robinson v. King,* 68 N.C. App. 86, 89, 314 S.E.2d 768, 771 (stating that the rights of the parties depend on the nature of the title held by the transferor), *disc. review denied,* 311 N.C. 762, 321 S.E.2d 144 (1984).

In equitable distribution cases, gifts to a spouse from the other spouse may be classified as separate property under North Carolina General Statutes section 50-20(b)(2). Section 50-20(b)(2) provides that "property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance." N.C. Gen. Stat. § 50-20(b)(2) (1995). The party seeking to show its separate nature must show by the preponderance of the evidence that the gift was given with such an intention. *Minter v. Minter,* 111 N.C. App. 321, 326, 432 S.E.2d 720, 724, *disc. review denied,* 335 N.C. 176, 438 S.E.2d 201 (1993).

In the instant case, plaintiff gifted a leased vehicle to defendant. Plaintiff had been ordered during the pendency of the divorce action to continue to make the lease payments on that vehicle, subject to credit upon final distribution of the marital property. Approximately eighteen (18) days before the lease was set to expire, defendant filed a motion to finalize gift, seeking an order which would require plaintiff to make a lump sum payment to purchase the vehicle. The trial court denied defendant's motion, finding that "plaintiff was unable to give a[n] outright gift to the defendant of more than the plaintiff had the ability to give, which was a five-year lease," as plaintiff had never contracted to "purchase" the vehicle.

We find no error in the trial court's findings in regard to defendant's motion to finalize gift, and therefore, affirm the denial of said motion without a full hearing. In light of the foregoing, the trial court's judgment is vacated and the matter remanded to the trial court for further proceedings in the equitable distribution matter. The trial court's order denying defendant's motion to finalize gift, however, is affirmed.

Reversed and remanded in part; and affirmed in part.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.