GUILFORD COUNTY, Plaintiff-Appellee v. BENJAMIN SAMUEL ELLER and wife, BRENDA DENNIS ELLER, Defendant-Appellant

No. COA00-1155

(Filed 16 October 2001)

**Judgments— consent—absent party—attorney's authority— presumption not overcome**

The fact that one of two defendants was not present and did not sign a memorandum of judgment was not alone sufficient to reverse the trial court's entry of a consent judgment where one attorney represented both defendants and there were no findings for the appellate court to review to determine whether the attorney had the consent of the absent defendant.

Judge BIGGS dissenting.

Appeal by defendant from memorandum of judgment/order entered 22 May 2000 and from judgment and injunction entered 21 September 2000 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals on 23 August 2001.

*Office of the Guilford County Attorney, by Assistant County Attorney Mercedes O. Chut, for plaintiff appellee.*

*Mary K. Nicholson for defendant appellants.*

McCULLOUGH, Judge.

Defendants appeal from a memorandum of judgment entered 22 May 2000 and judgment and injunction entered 21 September 2000. The parties stipulated that no evidence was introduced at the trial level, and also that Brenda Eller was not present at the hearing on 22 May 2000.

This case involves several properties owned by defendants in Guilford County where defendants maintained junked motor vehicles as defined and prohibited by the respective zoning designation of each of the several properties. Defendants admitted receiving numerous notices of violations and civil penalty citations. A hearing was calendared for 22 May 2000 by plaintiff for summary judgment and to dismiss defendant's counterclaims. By the time of this hearing defendants owed Guilford County over $300,000 in civil penalties.

The parties entered into a consent judgment on 22 May 2000. Defendant Benjamin Eller, the Ellers' attorney, and the County Attorney were present. Defendant Brenda Eller was not present. Defendant Benjamin Eller was placed under oath by the court and read the handwritten memorandum of judgment. When asked if he understood what was happening in the proceedings, defendant answered in the affirmative. All those present signed the memorandum of judgment. The assistant clerk of superior court made the following notation on the docket for 22 May 2000:

> Parties advise Court that settlement has been reached. Mr. Eller sworn; Memo of Judgment handed up and read over by Court to Mr. Eller to make sure he has a clear understanding as to what was going on. Memo of Judgment signed and taken downstairs.

The memorandum stated that it constituted an entry of judgment and that further signatures were not necessary. It provided for the County Attorney to hand up a formal written version within three days.

Defendants filed notice of appeal on 21 June 2000 from the memorandum of judgment and a motion to stay the execution of the judgment on 28 June 2000. On 21 September 2000, a formal written judgment of the memorandum of judgment was signed by the court. Defendants again gave notice of appeal on 3 October 2000, specifically from this entry of judgment.

Defendant makes three assignments of error: (1) that the trial court erred in entering a consent judgment without consent of all defendants; (2) that the trial court erred in entering a judgment in which defendants did not receive proper notice; and (3) that the trial court signed the written judgment and thus erred by entering a further judgment not consented to by all the parties and in allowing the appellee's motion to dismiss and for summary judgment.

Defendants' first assignment of error is that the trial court erred in entering the consent judgment without consent of all defendants. Our discussion of this assignment of error also applies to defendants' third assignment of error, asserting that it was error for the trial court to sign and enter the written judgment not consented to by all parties.

In *Milner v. Littlejohn*, 126 N.C. App. 184, 484 S.E.2d 453, *disc. reviews denied*, 347 N.C. 268, 493 S.E.2d 458 (1997), this Court reviewed the law on consent judgments:

A consent judgment is a contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. It is well-settled that " '[t]he power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment.' " "[A] consent judgment is void if a party withdraws consent before the judgment is entered." If a consent judgment is set aside, it must be set aside in its entirety. The person who challenges the validity of a consent judgment, bears the burden of proof to show that it is invalid.

*Id.* at 187, 484 S.E.2d at 455 (citations omitted).

The record in the present case reveals that only one attorney represented both Mr. and Mrs. Eller at the trial level. Their attorney filed an answer for the Ellers, and filed a motion to dismiss on behalf of Mrs. Eller. He appeared in court on 22 May 2000 and entered into a consent judgment stating, "An Order of Abatement is entered against the Defendants, Mr. and Mrs. Eller . . ." and further referred to "The Ellers" throughout the memorandum.

It is stipulated by the parties that those present on 22 May 2000 included the County Attorney, the Ellers' attorney and Mr. Eller. Mrs. Eller was not present at the time the consent judgment was entered. On appeal, defendants base their argument that the consent judgment is void solely on the facts that Mrs. Eller was not present and did not sign the memorandum. We hold that these facts alone are insufficient to reverse the trial court's entry of the consent judgment.

In North Carolina, when an attorney acts on behalf of his client, a presumption arises that the attorney so acts within his authority and with the consent of the client. *Howard v. Boyce*, 254 N.C. 255, 118 S.E.2d 897 (1961). A more precise definition of the presumption can be found in *Ledford v. Ledford*, 229 N.C. 373, 49 S.E.2d 794 (1948), where the North Carolina Supreme Court said:

"A judgment entered of record, whether in *invitum* or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client, and not to have betrayed his confidence or to have sacrificed his right. The law does not presume that a wrong has been done. It would greatly impair the integrity

of judgments and destroy the faith of the public in them if the principles were different."

*Id.* at 375, 49 S.E.2d at 796 (quoting *Gardiner v. May*, 172 N.C. 192, 196, 89 S.E.2d 955, 957 (1916)). *See also Royal v. Hartle*, 145 N.C. App. 181, 183, 551 S.E.2d 168, 170 (2001) ("Without his client's consent, an attorney has no inherent authority to enter into a settlement agreement that is binding on his client.").

The case of *Nye, Mitchell, Jarvis & Bugg v. Oates*, 109 N.C. App. 289, 426 S.E.2d 291 (1993) is instructive. In that case, Mrs. Oates denied that she was bound by a consent judgment on the basis that she had not received proper service and the fact that she had not signed the consent judgment. *Id.* at 290-91, 426 S.E.2d at 292-93. The Court noted that "the dispositive question is whether the attorneys who signed the consent judgment, representing themselves as the attorneys for Mrs. Oates, had the authority to appear and approve a judgment on behalf of Mrs. Oates." *Id.* at 293, 426 S.E.2d at 294. Thus, this Court found:

> The fact that Mrs. Oates' signature does not appear on the consent judgment is not conclusive on the issue of her consent. There is a presumption that the attorneys who signed the consent judgment and represented themselves to the court as the attorneys for Mrs. Oates, did so with authority and with her consent. Unless this presumption is rebutted, the consent of the attorney to a judgment of the court precludes any challenge by the represented party to the validity of the judgment on the ground of absence of jurisdiction over the person. The party challenging the actions of the attorney as being unauthorized has the burden of rebutting the presumption . . . .

*Id.* at 292, 426 S.E.2d at 294 (citations omitted).

There are no findings of fact for this Court to review in the present case to determine whether or not the Ellers' attorney had Mrs. Eller's consent to enter into the consent judgment. We know that she was not present and that her signature is not on the judgment; however, the *Oates* case stands for the proposition that such evidence is not enough to rebut the presumption. This Court must rule on the basis of the record as it currently exists. The appellant has the burden of ensuring that the record is in the most favorable posture possible.

Because there is nothing in the record to overcome the applicable presumption, we must affirm. This assignment of error is overruled.

We have carefully considered defendant's final assignment of error and find it to be without merit, and it is therefore overruled.

Affirmed.

Judge MARTIN concurs.

Judge BIGGS dissents.

BIGGS, Judge Dissenting.

I respectfully dissent. As noted by the majority, there are no findings of fact for this Court to review to determine whether or not the Ellers' attorney had Mrs. Eller's consent to enter into the consent judgment. I would remand for findings by the trial court.

Defendants' decision to appeal the entry of judgment by the trial court directly to this Court prior to filing a motion pursuant to Rule 60(b), has precluded the trial court from making findings on the dispositive issue in this appeal. Defendants in their brief offer the following explanation:

> The Defendant Appellants note to the Court that a Rule 60 Motion does not toll the period for filing appeal. In the case before the Court the Defendant Appellants proceeded with Notice of Appeal in order not to waive any right of appeal. A later Notice of Appeal from the written judgment was also filed in order not to waive right of appeal. The period to file such appeal was insufficient to allow the time necessary to proceed with a Rule 60 motion prior to filling [sic] Notice of Appeal. The parties have stipulated that the Defendant Brenda Dennis Eller was not present at the entry of [the] consent judgment. Rule 60 of the North Carolina Rules of Civil Procedure state that a Rule 60 motion to set aside a judgment may be filed within a reasonable time but such does not prevent other relief from being obtained from the court. Defendant Appellants have filed a Rule 60 motion.

While I offer no opinion on defendants' decision to proceed as they did, the effect of that decision has been to leave this Court with an insufficient basis upon which to decide the issue of consent. In addition, it has taken away defendant's (Mrs. Eller's) opportunity to present her claim or defense.

**FARLEY v. N.C. DEP'T OF LABOR**

[146 N.C. App. 584 (2001)]

This Court in *Royal v. Hartle*, 145 N.C. App. 181, —— S.E.2d —— (filed 17 July 2001) stated:

> In North Carolina, whether a consent judgment should be set aside because it was entered without a party's authority, consent, or knowledge requires application of the following principles: (1) the general desirability that a final judgment not be lightly disturbed, (2) where relief is sought from a judgment of dismissal or default, the relative interest of deciding cases on the merits and the interest in orderly procedure, (3) the opportunity the movant had to present his claim or defense, and (4) any intervening equities.

This Court in *Nye v. Oates*, 109 N.C. App. 289, 426 S.E.2d 291 chose not to rely on the presumption of validity to uphold the consent judgment in that case, but rather to remand for findings on whether the attorney had consent. I believe that a remand would better facilitate a decision based on the merits.