ELMORE, Judge.
Plaintiff and defendant separated after a six-year marriage on 28 December 2001. Thereafter, a typed consent order with several hand written corrections and additions noted throughout the document, was signed by both parties and counsels and entered by the trial court on 8 January 2003. An amended consent order, referred to as a cleaner final copy of the 8 January 2003 order, was later filed on 21 January 2003, signed by only the judge. In approximately March of 2003, plaintiff received a copy of the final order and found error in one of its provisions regarding a covenant not to compete. Plaintiff contacted her attorney to resolve the error; however, she then retained new counsel, who filed a motion to set aside the 8 January and the 21 January orders under Rule 60 of the North Carolina Rules of Civil Procedure.
A hearing on the motion was designated and the trial court determined that the 21 January amended consent order was void for lack of signatures by plaintiff and defendant. The trial court also ruled that the 8 January consent judgment was the only valid judgment and denied to set it aside. It is from this ruling that plaintiff appeals.
We review a trial court's decision to grant or deny a motion filed pursuant to Rule 60 for abuse of discretion. See Buie v. Johnston, 313 N.C. 586, 589, 330 S.E.2d 197, 199 (1985). We cannot say that the trial court abused its discretion in granting the portion of plaintiff's motion directed at the 21 January order and denying that portion of the Rule 60 motion directed at setting aside the 8 January order.
A consent judgment is void if it is entered without the consent of the parties to the judgment. See Overton v. Overton, 259 N.C. 31, 37, 129 S.E.2d 593, 598 (1963); Milner v. Littlejohn, 126 N.C. App. 184, 187, 484 S.E.2d 453, 456, disc. review denied, 347 N.C. 268, 493 S.E.2d 458 (1997). It is undisputed that neither party nor either counsel signed the 21 January order. Without either both attorneys' signatures on behalf of their respective clients or both parties' signatures, the order cannot be entered as a consent order, since by definition, a consent order is a contract between the parties sanctioned by the court. See id. at 187, 484S.E.2d at 455-56 (consent order as a court sanctioned contract); see also In re Johnson, 277 N.C. 688, 696, 178 S.E.2d 470, 475 (1971) (noting attorneys' signatures can validate consent). Also, nothing contained in the 8 January consent order obviated the need for signatures by the parties on any amended order. Cf. Miller v. Miller, 153 N.C. App. 40, 45, 568 S.E.2d 914, 917-18 (2002) (signatures were not necessary on revised formal consent order due to the fact that a previous order contained a term making future signatures on formal order unnecessary).
Since the 21 January amended "consent" order was entered without authorization, that order was void and it was well within the trial court's discretion to set it aside. See Stroupe v. Stroupe, 301 N.C. 656, 662, 273 S.E.2d 434, 438 (1981) ("A void judgment is without life or force, and the court will quash it on motion, or ex mero motu.") (internal quotations omitted).
Further, the trial court did not abuse its discretion in denying the motion to set aside the 8 January order. Plaintiff argues that the page which holds the covenant not to compete was not a part of the document she consented to and also argues that she was coerced into signing the consent agreement by defendant's promise of employment and threats of protracted litigation. However the trial court found in its order denying the Rule 60 motion that at the 8 January hearing on the consent order, plaintiff, under oath, verified she freely entered into the judgment and that any promises made were contained within the document. The trial court also found no evidence of any deception in the document, such as a page being added without plaintiff's knowledge. Finally, the trial court determined that the consent order itself noted that it was freely entered into and contained all promises made between the parties.
Accordingly, the trial court was well within its discretion in partially granting and denying plaintiff's Rule 60 motion and we affirm the order of the trial court.
Affirmed.
Judges McGee and McCullough concur.
Report per Rule 30(e).